Filed 1/8/14  P. v. Avila CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JASON MATTHEW AVILA,<br><br>    Defendant and Appellant. | H038552<br>(Santa Clara County<br>Super. Ct. No. C1122710)<br><br>ORDER MODIFYING OPINION<br>AND DENYING PETITION FOR<br>REHEARING |

BY THE COURT:

It is ordered that the opinion filed herein on December 19, 2013, be modified as follows:

Page 6, second full paragraph, after the sentence that ends with "receiving stolen property," insert the following:

In addition, since we strike defendant's conviction for receiving stolen property, we also strike the fees associated with the conviction, which include a $40 court security fee (§ 1465.8) and a $30 court facility fee (Gov. Code, § 70373).

Page 10, after the first sentence in the disposition, insert the following:

We further strike the $40 court security fee (Pen. Code, § 1465.8) and the $30 court facility fee (Gov. Code, § 70373) associated with defendant's conviction for receiving stolen property.

The petition for rehearing is denied.  There is no change in judgment

_____
Premo, J.

_____
Rushing, P.J.

_____
Elia, J

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JASON MATTHEW AVILA,<br><br>    Defendant and Appellant. | H038552<br>(Santa Clara County<br>Super. Ct. No. C1122710) |

Defendant Jason Matthew Avila appeals from the judgment entered following his convictions, after a jury trial, for vehicle theft with a prior conviction (Veh. Code, § 10851, subd. (a); Pen. Code,[1] § 666.5) and receiving stolen property with a prior conviction (§§ 496d, 666.5). Defendant contends that the conviction for receiving stolen property must be reversed, that the parole revocation restitution fine imposed under section 1202.45 must be stricken, and that the restitution fine imposed under section 1202.4 must be modified. We modify the judgment to strike the conviction for receiving stolen property and the parole revocation restitution fine under section 1202.45. As modified, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 26, 2011, between 2:30 and 3:30 p.m., Calvin Huynh parked his silver 1999 Honda Accord outside his house leaving the keys in the ignition. He went

---

[1] Further unspecified statutory references are to the Penal Code.

inside his house to get a jacket and by the time he returned outside his car was gone. Huynh called the police to report his missing car.

On the same day at approximately 4:45 p.m., Ronald Rios was sitting in his garage on Sonata Way watching television when he noticed a car speeding up and down the street, playing loud music. Rios observed the car using a monitor in his garage that was connected to surveillance cameras attached to the front of his garage door. At various points in the afternoon, Rios saw defendant driving the car and also saw him sitting in the car's passenger's seat. Rios called the police at approximately 6:10 p.m.

That night, a San Jose police officer received information that a "silver compact vehicle" had been reported speeding and blaring loud music. The officer arrived in the Sonata Way area at approximately 6:26 p.m. and saw a silver, two-door Honda Accord parked on the street. He drove past the car and saw the license plate number, confirming the car was Huynh's stolen Honda. The officer parked his patrol car down the block and watched defendant walk up to the Honda. The officer conducted a felony vehicle stop and arrested defendant.

On March 8, 2012, defendant was charged by information with vehicle theft with a prior conviction (Veh. Code, § 10851, subd. (a); § 666.5) and receiving a stolen vehicle with a prior conviction (§§ 496d, 666.5). Defendant pleaded not guilty, and trial began in May 2012. The jury returned guilty verdicts for both charges. Defendant was sentenced to four years in county jail for the vehicle theft count with a one-year enhancement for his prison prior for a total term of five years. He was also sentenced to a term of four years in county jail for the receiving a stolen vehicle count, which was stayed pursuant to section 654. The trial court awarded defendant custody and conduct credits and imposed various fines and fees, including a $1,200 restitution fine under section 1202.4, subdivision (b) and a $1,200 suspended parole revocation restitution fine under section 1202.45. Defendant filed a timely notice of appeal.

DISCUSSION

Defendant contends that his conviction for receiving a stolen vehicle must be reversed, because he cannot be convicted of stealing and receiving the same car. He further insists that the trial court applied the wrong formula under section 1202.4, subdivision (b)(2) when it calculated his restitution fine. Lastly, he argues that since he was sentenced to jail and will not be released on parole, the parole revocation restitution fine under section 1202.45 must be stricken.

### *Conviction for Receiving Stolen Property*

Vehicle Code section 10851, subdivision (a) prohibits a wide range of conduct. (*People v. Jaramillo* (1976) 16 Cal.3d 752, 757 (*Jaramillo*), superseded by statute as stated in *People v. Strong* (1994) 30 Cal.App.4th 366, 371-372.) A person may violate subdivision (a) of Vehicle Code section 10851 by taking a vehicle with the intent to steal the vehicle *or* by driving the vehicle with the intent only to temporarily deprive its owner of possession. (*People v. Allen* (1999) 21 Cal.4th 846, 851 (*Allen*).) Here, the jury convicted defendant of *vehicle theft* under Vehicle Code section 10851, subdivision (a), not of posttheft driving.[2] The jury also convicted defendant of buying or receiving a stolen vehicle in violation of section 496d. Defendant argues these dual convictions are improper.

Absent certain exceptions, "[a] person who violates [Vehicle Code] section 10851[, subdivision] (a) by taking a car with the intent to permanently deprive the owner of possession, and who is convicted of that offense on that basis, cannot also be convicted of receiving the same vehicle as stolen property. [Citations.] If, on the other hand, a [Vehicle Code] section 10851[, subdivision] (a) conviction is based on posttheft driving, a separate conviction under section 496[, subdivision] (a) for receiving the same vehicle

---

[2] The verdict form clearly shows that the jury found defendant guilty of "vehicle theft" in violation of Vehicle Code section 10851 and guilty of "buying or receiving a stolen motor vehicle" in violation of section 496d.

as stolen property is not precluded." (*People v. Garza* (2005) 35 Cal.4th 866, 876 (*Garza*).) This is based on the "fundamental principle that one may not be convicted of stealing and of receiving the same property."[3] (*Jaramillo*, *supra*, 16 Cal.3d at p. 757.)

The two exceptions to this general bar against dual convictions are: (1) if there is a "complete divorcement" between the theft and the receipt of the stolen car, or (2) if "a conspiracy between the thief and the receiver is established." (*Jaramillo*, *supra*, 16 Cal.3d at p. 759, fn. 8.) The "complete divorcement" exception "requires more than the mere passage of time," and "[t]o establish a divorcement between the acts of theft and receiving (or concealing or withholding), there must be a significant break in the defendant's possession and control over the stolen property." (*Garza*, *supra*, 35 Cal.4th at p. 879.) A "complete divorcement" occurs "when the thief has disposed of the property and subsequently receives it back in a transaction separate from the original theft." (*Jaramillo*, *supra*, at p. 759, fn. 8.)

The People argue that since defendant indisputably drove the car several hours after the initial theft based on Rios's surveillance images, his conviction under Vehicle Code section 10851, subdivision (a), "was undoubtedly based on [his] *driving* of the vehicle" and not on his taking of the vehicle. Courts have upheld dual convictions under

---

[3] In 1992, the Legislature amended section 496, the general statute that criminalizes receipt of stolen goods, to add the following language: "A principal in the actual theft of the property may be convicted pursuant to the section. However, no person may be convicted both pursuant to this section and of the theft of the same property." (Stats. 1992, ch. 1146, § 1, p. 5374.) This language meant that a defendant could be convicted of receiving stolen property even if there was evidence he was the one who stole the property, so long as the defendant was not convicted of the theft offense. (*Allen*, *supra*, 21 Cal.4th at p. 856.) In 1998, the Legislature enacted section 496d, which applies specifically to the receipt of stolen vehicles. (Stats. 1998, ch. 710, § 1.) The same language added in 1992 to section 496 was not added to section 496d. Here, defendant was convicted of receiving stolen property under section 496d, not section 496. However, we fail to see why the common law proscription against dual convictions for stealing and receiving the same stolen property should not apply to section 496d convictions. Neither party has offered arguments to the contrary.

Vehicle Code section 10851 and section 496 by construing a conviction under Vehicle Code section 10851 as a conviction for posttheft driving if "the evidence is such that it is not reasonably probable that a properly instructed jury would have found that the defendant took the vehicle but did not engage in any posttheft driving" (*Garza*, *supra*, 35 Cal.4th at p. 872) and if the defendant was convicted under Vehicle Code section 10851 for unlawfully taking *or* driving the vehicle. (*Garza*, *supra*, at pp. 877-878.) As we previously noted, it is clear from the jury's verdict that it found defendant guilty of *vehicle theft* under Vehicle Code section 10851, subdivision (a).[4] Accordingly, we cannot construe defendant's conviction for vehicle theft as a conviction for posttheft driving.

Furthermore, we disagree with the People's contention that the two crimes were completely divorced. Huynh reported his car missing on December 26, 2011, at approximately 2:30 p.m. Rios stated that he saw defendant either driving the car or sitting in the car's passenger seat that same afternoon at approximately 4:45 p.m. The arresting officer testified that he arrived on scene and arrested defendant at approximately 6:26 p.m. that same day. The argument that a significant amount of time elapsed between the taking and the receiving of the stolen car is not sufficiently supported by the evidence introduced at trial.

---

[4] As articulated by our Supreme Court in *Garza*, there are "two somewhat similar but distinct inquiries that are governed by different tests" that are easily conflated. (*Garza*, *supra*, 35 Cal.4th at p. 880, fn. 2.) "The first inquiry is whether a theft is legally separate from a later act of receiving stolen property for purposes of the common law prohibition (now codified in section 496[, subdivision] (a)) against dual convictions for stealing and receiving the same property. The second inquiry is whether a taking of a vehicle is legally separate from a driving of the same vehicle for purposes of distinguishing separate violations of section 10851[, subdivision] (a). The first inquiry-- whether a theft is legally separable from a later act of receiving--depends on the existence of a 'divorcement' in the sense that the stolen property leaves the thief's possession and control. The second inquiry--whether vehicle driving is legally separable from vehicle taking--depends on whether the driving continues after the taking of the vehicle is complete." (*Ibid.*)

In addition, a complete divorcement requires *more* than a mere passage of time; there must have been a "significant break in the defendant's possession and control over the stolen property." (*Garza*, *supra*, 35 Cal.4th at p. 879.) Some evidence may have supported the inference that there was a break in defendant's control over the car. However, the evidence is not so compelling that it is clear that a jury would have convicted defendant of both crimes if it had been given the proper instruction on the prohibition against dual convictions. We therefore strike defendant's conviction for receiving stolen property.[5]

Since a violation of Vehicle Code section 10851, subdivision (a) for "taking" a vehicle is subject to the bar against dual convictions, a trial court must sua sponte instruct a jury that it cannot convict a defendant for stealing and receiving the same stolen property. (*Garza*, *supra*, 35 Cal.4th at p. 881.) From our review of the record, it does not appear that the trial court instructed the jury about this prohibition against dual convictions. However, since we strike the conviction for receiving stolen property, the trial court's error is harmless.

### The Restitution Fine

Defendant claims that it is clear from the record that the trial court intended to impose a restitution fine using the formula set forth in section 1202.4, subdivision (b)(2). However, he argues that in doing so the trial court incorrectly applied the discretionary formula in the *current* version of section 1202.4, subdivision (b)(2) instead of the formula in the version of section 1202.4 that was in effect when he committed his offenses. Preliminarily, the People assert that defendant has forfeited any claim of error on appeal since he failed to object to the imposition of the $1,200 restitution fine during the sentencing hearing. Defendant insists that his failure to object to the fine did not forfeit

---

[5] Defendant's sentence for receiving stolen property was stayed pursuant to section 654. Accordingly, there is no need to remand the matter for resentencing.

the issue because the fine is an unauthorized sentence and because his trial counsel's failure to object amounts to ineffective assistance.

First, defendant's claim that the fine is an unauthorized sentence is unavailing. Imposition of an unlawful restitution fine runs afoul of the prohibition against ex post facto laws. (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248.) At the time defendant committed his offenses in December 2011, the minimum restitution fine under section 1202.4, subdivision (b)(1) was $200 and the maximum fine was $10,000. (Stats. 2005, ch. 240, § 10 [former section 1202.4].) Former section 1202.4, subdivision (b)(2) also set forth a discretionary formula, which permitted a court to compute a restitution fine by multiplying $200 by the number of years of imprisonment the defendant is ordered to serve, then multiplying that result with the number of felony counts of which the defendant is convicted. (Stats. 2005, ch. 240, § 10 [former section 1202.4, subd. (b)(2)].) Effective January 2012, section 1202.4 was amended to reflect an increased minimum restitution fine of $240. (§ 1202.4, subd. (b)(1); Stats. 2011, ch. 358.) Subdivision (b)(2) of section 1202.4 was also amended, and it now sets forth a discretionary formula that permits a court to compute a restitution fine by multiplying $240 by the number of years of imprisonment the defendant is ordered to serve, then multiplying that result with the number of felony counts of which the defendant is convicted. (§ 1202.4, subd. (b)(2).)

Consequently, the trial court had the discretion to impose a $1,200 restitution fine under the version of section 1202.4 in effect at the time defendant committed his crimes, which provided for a *minimum* fine of $200 and a *maximum* fine of $10,000. (Stats. 2009, ch. 454, § 1 [former § 1202.4, subd. (b)(1)].) The $1,200 restitution fine was not an unauthorized sentence.

However, defendant maintains that the trial court incorrectly calculated his restitution fine under the formula set forth in the current version of section 1202.4, subdivision (b)(2) instead of the formula set forth in the version of section 1202.4 in

effect at the time he committed his crimes.[6] He therefore insists that his trial counsel provided ineffective assistance since he failed to object to the fine. In order to succeed on a claim of ineffective assistance of counsel, defendant must show that his counsel failed to act in a manner to be expected of a reasonably competent attorney acting as a diligent advocate and that he was prejudiced thereby. (*People v. Ledesma* (1987) 43 Cal.3d 171, 216-217; *Strickland v. Washington* (1984) 466 U.S. 668, 684 [discussing federal constitutional rights]; *People v. Pope* (1979) 23 Cal.3d 412, 422 [discussing both state and federal constitutional rights].)

We " 'need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed.' " (*In re Jackson* (1992) 3 Cal.4th 578, 604, quoting *Strickland v. Washington*, *supra*, 466 U.S. at p. 697.) A defendant establishes prejudice by demonstrating that without the deficient performance there is a reasonable probability the result would have been more favorable. In other words, even if a defendant's counsel's actions fall below the threshold of reasonableness, he must still show that his counsel's actions were prejudicial. (*People v. Ledesma*, *supra*, 43 Cal.3d at p. 218.) Prejudice must be a " 'demonstrable reality,' not simply speculation." (*People v. Williams* (1988) 44 Cal.3d 883, 937; *People v. Fairbank* (1997) 16 Cal.4th 1223, 1241.)

Defendant fails to carry his burden to establish prejudice, as his contention that the trial court intended to impose the fine using the formula under section 1202.4, subdivision (b)(2) is speculative. The minute order and the abstract of judgment do not

---

[6] Using the formula set forth in the current version of section 1202.4, subdivision (b)(2), defendant's restitution fine would be calculated as $240 multiplied by five (the number of years he is to serve) multiplied by one (the number of felony counts of which defendant has been convicted, not including the count for receiving a stolen vehicle as that was stayed under section 654), for a total of $1,200.

specify that the trial court imposed the restitution fine using the formula set forth in section 1202.4, subdivision (b)(2). The abstract of judgment broadly states that the fine was imposed under section 1202.4, subdivision (b).

Defendant insists that the trial court's statements during the sentencing hearing indicate that it intended to apply the statutory formula under section 1202.4, subdivision (b)(2). During the sentencing hearing, the trial court initially imposed a "$969" restitution fine. After imposing the $969 fine, the trial court asked the probation officer about a "ten percent penalty assessment." The probation officer answered that the fine did not include a penalty assessment, and told the court that the fine was based on "the four-year" and that she was "doing the formula." The trial court then imposed a $1,200 restitution fine.

Despite the probation officer's reference to a "formula" during the sentencing hearing, the trial court never stated that it intended to use the discretionary formula in section 1202.4, subdivision (b)(2) to calculate defendant's restitution fine, differentiating this case from *People v. Le* (2006) 136 Cal.App.4th 925. The trial court in *Le* explicitly ordered a restitution fine " 'under the formula permitted by [section] 1202.4.' " (*Id*. at p. 932.) When imposing the restitution fine here, the trial court merely stated that "[t]here's a restitution fine in the amount of $1200." The court did not state on the record that it was adopting the probation officer's recommendations in full, nor did it reference the fines and fees listed in the probation report during the sentencing hearing.

" 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Given that the record does not unequivocally indicate that the trial court intended to order a restitution fine pursuant to the statutory formula set forth in section 1202.4, subdivision (b)(2), defendant has not met his burden to show that if his trial counsel had objected, it was reasonably probable that the trial court would have imposed

a lower restitution fine. He therefore fails to demonstrate prejudice, and his claim of ineffective assistance of counsel fails.

### *The Parole Revocation Restitution Fine*

Lastly, defendant contends that the trial court erred in imposing a parole revocation restitution fine under section 1202.45. The People concede that the fine was erroneously imposed, and we find the concession appropriate. The trial court sentenced defendant to a term in county jail, not prison, under the Criminal Justice Realignment Act of 2011, so he will not be subject to a period of parole. (Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 12, § 1; § 1170, subd. (h).) The parole revocation restitution fine required under section 1202.45 applies only in sentences that "include[] a period of parole." (§ 1202.45, subd. (a).) Accordingly, the parole revocation restitution fine must be stricken.[7]

---

[7] As the People note, section 1202.45 was recently amended and now provides for a mandatory supervision revocation fine or a postrelease community supervision fine for defendants who serve their sentence in county jail. (§ 1202.45, subd. (b); Stats. 2012, ch. 762, § 1.) Defendant committed his offense prior to the enactment of these amendments, and therefore they are inapplicable to his case.

**DISPOSITION**

The judgment is modified to strike the conviction for receiving stolen property (Pen. Code, § 496d) and the parole revocation restitution fine under Penal Code section 1202.45.  As modified, the judgment is affirmed.

_____
Premo, J.

WE CONCUR:


_____
Rushing, P.J.


_____
Elia, J.