[Crim. No. 9127. First Dist., Div. One. Sept. 14, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
NATHANIEL BRIGGS, Defendant and Appellant.

**COUNSEL**

Gene F. Trimble, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Gloria F. DeHart and Gary Garfinkle, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ELKINGTON, J.**—Defendant Nathaniel Briggs was charged with, and convicted by jury verdicts of, a violation of Vehicle Code section 10851 (sometimes referred to as auto theft), and receiving stolen property, a violation of Penal Code section 496.[1] Although not apparent from the information, the prosecution's theory at the trial was that the subject

---

[1] On a third charge, displaying false license plates in violation of Vehicle Code section 4463, the jury reached no verdict.

of each offense was the same Chevrolet automobile. Briggs was sentenced to state prison on each of the counts, the sentences to run concurrently.

Briggs was found driving a Chevrolet automobile a few days after its theft. It had license plates which had been registered to another vehicle, and it was being driven by means of a "hot wire" instead of an ignition key. When arrested, Briggs gave the police a false name. No evidence was offered explaining his possession of the vehicle.

■ The evidence was sufficient to support the charge of violating Vehicle Code section 10851 (see *People* v. *Hopkins,* 214 Cal.App.2d 487, 491 [29 Cal.Rptr. 636]), *or* the receiving stolen property charge (see *People* v. *Schroeder,* 264 Cal.App.2d 217, 225 [70 Cal.Rptr. 491]). But it is a fundamental principle that one may not be convicted of stealing, *and* of receiving, the same stolen property. (*People* v. *Tatum,* 209 Cal.App.2d 179, 183 [25 Cal.Rptr. 832].) While there are exceptions to this rule (see e.g., *People* v. *Lima,* 25 Cal.2d 573, 577-578 [154 P.2d 698]; *People* v. *Williams,* 253 Cal.App.2d 952, 958-959 [61 Cal.Rptr. 238]), no contention is made that any such exception is applicable here, or at least that it was any part of the prosecution theory at the trial. It thus becomes obvious that Briggs was improperly adjudged guilty of *both* of the charged offenses.

■ No merit attends Briggs' contention that the trial court erroneously failed to instruct on Penal Code section 499b (commonly called the "joyriding" statute) as "a lesser included offense in connection with the count concerning auto theft." Section 499b is not such a lesser included offense. (*People* v. *Thomas,* 58 Cal.2d 121, 128-129 [23 Cal.Rptr. 161, 373 P.2d 97]; *People* v. *Starkey,* 234 Cal.App.2d 822, 830 [44 Cal.Rptr. 738].)

■ The final contention of error is predicated on the following comment of the trial judge during his instructions to the jury: "Every person who buys or receives any property which has been stolen or which has been obtained in any manner constituting theft or extortion . . . . *There is no extortion here, but there is theft.*" (Italics added.) It is argued that this indicated "to the jury that the court felt the defendant was guilty of auto theft." The court's obvious meaning was that the case involved a charge of theft only, not of extortion; it is inconceivable that the jury thought otherwise. And we note that the jury were instructed by the court: "I have not intended by anything I have said or done, or by any questions

that I may have asked to intimate or suggest what you should find to be the facts on any questions submitted to you, or that I believe or disbelieve any witness. If anything I have done or said has seemed to so indicate, you will disregard it and form your own opinion." There was no error prejudicial to Briggs.

We deem it proper to allow the People, within 30 days of the finality of our decision, to elect to retry Briggs on both of the charged alternative offenses according to the rules we have announced. Failing to so elect, the verdict and judgment as to the Penal Code section 496 offense will stand reversed, and as to the Vehicle Code section 10851 conviction, affirmed. Briggs will in no way be prejudiced by this result since the evidence fully supports his Vehicle Code section 10851 conviction. He cannot be heard to complain that the evidence also supports conviction of the greater offense, the responsibility for which he will have been relieved. (See (*People* v. *Warren*, 36 Cal.App.2d 278, 281 [97 P.2d 464]; *People* v. *Day*, 30 Cal.App. 762, 763 [159 P. 457].)

In the event that the People within 30 days of the rendition of our remittitur shall elect to retry Briggs on both counts of the information, the judgment as to both counts is reversed; in the event that the People shall fail to so elect the judgment is affirmed as to count one (violation of Veh. Code, § 10851), and reversed as to count two (violation of Pen. Code, § 496).

Molinari, P. J., and Sims, J., concurred.

A petition for a rehearing was denied October 13, 1971, and the opinion was modified to read as printed above.