[Crim. No. 18624. In Bank. Apr. 26, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY LOPEZ JARAMILLO, Defendant and Appellant.

## COUNSEL

Joel Kriger, under appointment by the Supreme Court, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Alan S. Meth and Patricia D. Benke, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WRIGHT, C. J.**—Anthony Lopez Jaramillo appeals from a judgment upon jury convictions of the unlawful driving or taking of a vehicle (Veh. Code, § 10851) and receiving stolen property (Pen. Code, § 496, subd. 1). The question presented is whether, in light of the broad scope of conduct proscribed by Vehicle Code section 10851, defendant can properly be convicted of violating both that section and Penal Code section 496. We conclude for reasons which follow that an accused can be convicted of both violations *only* if his conviction of the Vehicle Code section is predicated on conduct not constituting a theft of the vehicle involved, and we reverse the judgment in the manner hereinafter indicated.

During the night of August 27, 1972, a green Pontiac convertible belonging to Larry and Ramona Ramsey was stolen from a location near their living quarters in San Diego. On September 8, 1972, a citizen in Van Nuys observed defendant as he emerged from the driveway of an apartment building adjoining the home of the witness. Defendant

carried a large object which appeared to be a five-gallon water bottle and proceeded across the street to the yard of another residence. The witness telephoned police and continued to observe defendant's activities. When a patrol car appeared defendant hid in some shrubbery until it passed by. He then emerged from the bushes, talked briefly with a man who was sitting in one of two vehicles parked along the curb and then proceeded to the second vehicle where he opened the trunk, placed something therein and entered the vehicle.

William P. Knight, a Van Nuys police officer, responded to a call to investigate a possible burglary in progress at the scene of defendant's activities. As Knight approached two parked vehicles he directed the beam of his flashlight into one of the automobiles and observed defendant lying across a metal-topped console as if he were attempting to hide beneath the dashboard. He appeared to be feigning sleep. Knight observed in the back seat a five-gallon water bottle filled with gasoline, a two-gallon bucket partially filled with gasoline and a section of garden hose. A radio check of the vehicle's license plate revealed it to be the Ramseys' stolen car. Taped inside the right front side of the windshield of the stolen vehicle was a temporary military base pass with defendant's name on it. A gas cap fitting the tank of the stolen car was found in the defendant's back pocket. The glove box wherein the Ramseys had locked their car keys prior to the theft had been pried open.

We note preliminarily that there are three separate statutory measures which provide punishment for the taking or use of an automobile without the owner's consent. Penal Code section 499b, commonly referred to as the "misdemeanor joy-riding statute," provides in pertinent part: "Any person who shall, without the permission of the owner thereof, take any automobile . . . or other vehicle . . . for the purpose of temporarily using or operating the same, shall be deemed guilty of a misdemeanor . . . ." Penal Code section 487, subdivision 3, commonly referred to as "grand theft—auto," provides that every person who feloniously steals, takes, carries, or drives away the automobile of another is guilty of grand theft. (See also Pen. Code, §§ 484, 486.) Vehicle Code section 10851 might be deemed to proscribe conduct which falls between that proscribed by the Penal Code sections. It provides in part that "[a]ny person who drives or takes a vehicle not his own, without the consent of the owner thereof, and with the intent either permanently or temporarily to deprive the owner thereof of his title to or possession of the vehicle, whether with or without intent to steal the same . . . is guilty of a public offense . . . ."

"[T]he physical conduct prohibited by the three enactments is substantially the same, but . . . there purports to be a distinction as to the intent with which the act is done in each instance. It may be presumed that the Legislature intended by these sections to deal with problems which are properly distinguishable. . . . The distinction . . . is admittedly a subtle one, and would present a rather difficult problem if it were required that a court instruct a jury as to the distinction in a given situation. It may well be that the Legislature intended to leave the decision as to which section should be invoked in a particular case to the prosecutor." (*People* v. *Thomas* (1962) 58 Cal.2d 121, 125-126 [23 Cal.Rptr. 161, 373 P.2d 97].)

In the instant case the prosecutor elected to charge defendant by information with three violations, to wit: violations of Penal Code section 487, subdivision 3, of Vehicle Code section 10851 and of Penal Code section 496, subdivision 1, receiving stolen property.[1] In submitting the question of the taking of the vehicle to the jury the court instructed in terms of CALJIC No. 14.35 (Pen. Code, § 487, subd. 3),[2] CALJIC No. 14.36 (Veh. Code, § 10851),[3] and CALJIC No. 14.37.[4] The latter instruction purports to distinguish the two "taking" offenses. It further directs that an accused may not be convicted of both offenses and in case of a reasonable doubt as to which of the two offenses the accused is guilty when it is concluded that he is guilty of at least one of the offenses, he must be found in violation of Vehicle Code section 10851. The jury was *not* instructed that defendant could not be properly convicted of both the theft or the taking of a vehicle and receiving that vehicle as stolen property. As indicated, the jury found defendant guilty of a violation of Vehicle Code section 10851 and of receiving stolen property.

---

[1] Penal Code section 496, subdivision 1, provides in pertinent part: "Every person who buys or receives any property which has been stolen or which has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds or aids in concealing, selling or withholding any such property from the owner, knowing the property to be so stolen or obtained, is [guilty of a felony or a misdemeanor]."

[2] CALJIC No. 14.35—Grand Theft Auto: "Every person who steals, takes or drives away the automobile of another with the specific intent to permanently deprive the owner of his property is guilty of·grand theft regardless of the value of the automobile."

[3] CALJIC No. 14.36—Auto Taking—Violation of Vehicle Code section 10851: "Any person who drives or takes a vehicle not his own, without the consent of the owner, and with specific intent to deprive the owner either permanently or temporarily of his title to, or possession of, such vehicle, whether with or without intent to steal the same, is guilty of a felony."

[4] CALJIC No. 14.37—Auto Taking—When Acts May Constitute Either of Two Crimes: "The unauthorized taking or depriving by one person of the automobile of

In what appears to have been an attempt to avoid the proscription against double punishment, defendant was sentenced on the receiving conviction as the greater of the two offenses of which he was convicted, with the sentence on the taking conviction temporarily stayed, the stay to become permanent upon the successful completion of the term of the sentence for the receiving conviction.[5] ■ This treatment overlooks, however, the basic problem of whether defendant may properly be *convicted* of both charges, it being a fundamental principle that one may not be convicted of stealing and of receiving the same property. (E.g., *People* v. *Briggs* (1971) 19 Cal.App.3d 1034, 1036 [97 Cal.Rptr. 372]; *People* v. *Williams* (1967) 253 Cal.App.2d 952, 958 [61 Cal.Rptr. 238]; *People* v. *Marquez* (1965) 237 Cal.App.2d 627, 634 [47 Cal.Rptr. 166]; *People* v. *Tatum* (1962) 209 Cal.App.2d 179, 183 [25 Cal.Rptr. 832]; see generally, 136 A.L.R. 1087.)

Vehicle Code section 10851 proscribes a wide range of conduct. It prohibits taking or driving a vehicle with intent to either permanently *or* temporarily deprive the owner of title *or* possession of, and *with or without* intent to steal the vehicle. It is not possible under the verdict as

---

another may, depending upon the facts, constitute either of two crimes.

"The defendant is charged in Count — with grand theft. Every person who steals, takes or drives away the automobile of another with the specific intent to deprive the owner permanently of his property is guilty of grand theft regardless of the value of the automobile.

"The defendant is charged in Count — with a violation of Section 10851 of the Vehicle Code which provides that any person who drives or takes a vehicle not his own, without the consent of the owner thereof, and with the specific intent to either permanently or temporarily deprive the owner of his title to or possession of such vehicle, is guilty of a public offense.

"The distinction between the offenses is in the type of specific intent required:

"1. To constitute the crime of grand theft there must be a specific intent to permanently deprive the owner of his property.

"2. To constitute a violation of Vehicle Code Section 10851 there must be a specific intent to either permanently or temporarily deprive the owner of his title to or possession of the vehicle.

"The defendant may be found not guilty of both counts. If you find him guilty as charged in either of the two counts, you must find him not guilty of the other.

"If you are convinced beyond a reasonable doubt that defendant is guilty of one of the two counts but you have a reasonable doubt as to which of the two counts defendant is guilty, it is your duty to find him guilty of a violation of Section 10851 of the Vehicle Code as charged in Count —."

The court further instructed at a later time: "As I have indicated previously, if you have doubts as to which charge the defendant is guilty of, if that is your finding, then you should use the [verdict form] that has reference to the Vehicle Code violation."

[5]Penal Code section 654 provides generally that an act constituting a criminal offense under two or more statutory provisions cannot be punished under more than one provision. (See *People* v. *Beamon* (1973) 8 Cal.3d 625 [105 Cal.Rptr. 681, 504 P.2d 905].)

rendered to determine which combination of proscribed conduct and intent resulted in the finding of guilt in the present case. Indeed, it is quite likely that no refined determination was made by the fact finder. The jury could have found defendant guilty of a violation of Vehicle Code section 10851 simply because some doubt existed as to whether defendant intended to steal or merely to temporarily deprive the Ramseys of possession and to drive their vehicle. Had only the Vehicle Code violation been found against defendant such a general determination would be sufficient. However, in the present case the matter is complicated by the fact that defendant was also charged and convicted of receiving the identical vehicle, and the question is thus raised whether defendant can be convicted of receiving stolen property when contemporaneously convicted of a violation which *may have been* predicated on the theft of that same property.

The statute proscribing receipt of stolen property ". . . is directed at those who knowingly deal with thieves and with their stolen goods after the theft has been committed. In other words, it is directed at the traditional 'fence' and at those who lurk in the background of criminal ways in order to provide the thieves with a market or depository for their loot. Such offenses are essentially different from the actual theft of property prohibited by section 484. . . . If the legislature had intended in [section 496] to embrace concealment of stolen property by the thief, it would have been a simple matter to say 'every thief or any other person . . . who conceals, etc.' . . . [¶] A defendant may, of course, be charged with both crimes, but it is for the trier of fact to determine whether he is guilty as a thief or as a non-thief of concealing and withholding." (*People* v. *Tatum, supra,* 209 Cal.App.2d 179, 183-184 [25 Cal.Rptr. 832].)

It is clear, of course, that when an accused is convicted of a violation of Penal Code section 487, subdivision 3, which *necessarily* requires a finding that the accused intended to steal, he cannot also be convicted of receiving that same stolen property. ■ If, on the other hand, in convicting an accused of a violation of Vehicle Code section 10851, a jury finds that the accused intended only to temporarily deprive the owner of possession for the purpose of driving a vehicle, then the accused may also be guilty of a violation of section 496, subdivision 1, if there is other evidence which establishes the elements of that crime—including evidence of the independent theft of the vehicle and the

accused's knowing receipt thereof.[6] ■ When, as here, however, the record does not disclose or suggest what specific findings were made in convicting a defendant of a violation of Vehicle Code section 10851 but it nevertheless appears that the fact finder *may have* found that the defendant intended to steal the vehicle, a second conviction based on a further finding that the defendant received that same stolen property is foreclosed.[7] (See *People* v. *Briggs* (1971) 19 Cal.App.3d 1034 [97 Cal.Rptr. 372].)

There are, of course, recognized exceptions to the rule that a thief may not be convicted of receiving the same property which was the subject of his theft.[8] In the absence of circumstances warranting such an exception, however, if the fact finder concludes that an accused took a vehicle with intent to permanently deprive the owner of possession or title to the vehicle in violation of Vehicle Code section 10851, he may not also be convicted of a violation of Penal Code section 496, subdivision 1, and the same rule necessarily follows when the record permits an inference which cannot be rebutted that the fact finder may have made such a finding in convicting an accused of a violation of Vehicle Code section 10851.

[6]Vehicle Code section 10851, inter alia, proscribes the act of *driving* the vehicle of another even without an intent to commit theft. Although in some decisions the courts have loosely referred to the conduct proscribed by section 10851 as taking *and* driving (see e.g., *People* v. *Ford* (1965) 234 Cal.App.2d 480 [44 Cal.Rptr. 556]), other courts and the clear language of the statute recognize that the section prohibits driving as separate and distinct from the act of taking. (See *People* v. *Malamut* (1971) 16 Cal.App.3d 237, 241-242 [93 Cal.Rptr. 782]; *People* v. *Cuevas* (1936) 18 Cal.App.2d 151, 153 [63 P.2d 311].)

[7]Although the fact that the jury acquitted defendant of grand theft-auto and convicted him of a violation of Vehicle Code section 10851 might serve as a clue that it did not find that defendant took the automobile with intent to permanently deprive the Ramseys of title or possession, it is by no means conclusive of such a finding. Under the instruction of CALJIC No. 14.37 (see fn. 4, *ante*), a finding that defendant took the vehicle with intent to permanently deprive the Ramseys of possession could lead to a conviction under either Vehicle Code section 10851 or Penal Code section 487.

[8]For example, when there is evidence of complete divorcement between the theft and a subsequent receiving, such as when the thief has disposed of the property and subsequently receives it back in a transaction separate from the original theft, conviction on both charges would be proper. (See *People* v. *Tatum, supra*, 209 Cal.App.2d 179, 183-184.) Also when a conspiracy between the thief and the receiver is established, the thief may be convicted for both conspiracy and receiving. (Cf., *People* v. *Rojas* (1961) 55 Cal.2d 252, 259 [10 Cal.Rptr. 465, 358 P.2d 921, 85 A.L.R.2d 252]; *People* v. *Lima* (1944) 25 Cal.2d 573 [154 P.2d 698]; see also *People* v. *Donnell* (1975) 52 Cal.App.3d 762, 768-769 [125 Cal.Rptr. 310].)

The evidence on the record now before us supports a conviction under one or more of the alternative proscriptions of Vehicle Code section 10851. As stated, however, convictions of violations of that section and Penal Code section 496, subdivision 1 cannot stand together on the record presented. Should the People elect to retry defendant on charges of violations of Vehicle Code section 10851 and Penal Code section 496, subdivision 1, they should have the opportunity to submit evidence which would warrant convictions of both violations[9] in accordance with our views as expressed herein.[10]

The judgment is reversed as to both convictions. The People may, within 30 days of the finality of our decision herein, move to set the cause for retrial as to either or both the charged violations of Vehicle Code section 10851 and Penal Code section 496, subdivision 1, and trial will proceed thereafter in accordance with the views expressed herein. Should the People within the stated time not move to set the cause for trial, or should the People within that time file of record their waiver of right to retry defendant on any charge or charges, then the trial court shall reinstate the conviction as to the violation of Vehicle Code section 10851 only, and render its judgment thereon.[11] (See *People* v. *Hill* (1974) 12 Cal.3d 731 [117 Cal.Rptr. 393, 528 P.2d 1].)

---

[9]While conviction on both charges would be proper should particular findings be made we note without discussion that generally both charges arise from a single course of conduct and punishment on both counts would be improper. (Pen. Code, § 654; *People* v. *Quinn* (1964) 61 Cal.2d 551, 555-556 [39 Cal.Rptr. 393, 393 P.2d 705].)

[10]It appears that the statement of this court written in 1962 (see *People* v. *Thomas*, *supra*, 58 Cal.2d 121, 125-126) to the effect that the distinction in the provisions regarding the taking of automobiles is a subtle one and that ". . . the Legislature intended to leave the decision as to which section should be invoked in a particular case to the prosecutor" (*id.*, at p. 126) is still sound. The prosecutor here did not make that decision but charged defendant with three offenses arising out of a single incident instead of presenting to the jury only the charge which the evidence in the prosecutor's possession most strongly supported.

[11]Although the United States Supreme Court had earlier indicated that the proper remedy upon conviction of both theft of and receiving the same property was an outright reversal of both convictions (see *Milanovich* v. *United States* (1961) 365 U.S. 551 [5 L.Ed.2d 773, 81 S.Ct. 728]; *Heflin* v. *United States* (1959) 358 U.S. 415 [3 L.Ed.2d 407, 79 S.Ct. 451]), this principle has not been mechanically applied where prejudice to the defendant could otherwise be avoided (see *United States* v. *Sellers* (4th Cir. 1975) 520 F.2d 1281, petition for cert. pending No. 74-1476; *United States* v. *Lemonakis* (1973) 485 F.2d 941 [158 App.D.C. 162], cert. den., 415 U.S. 989 [39 L.Ed.2d 885, 94 S.Ct. 1586]; *Trujillo* v. *Stone* (N.D.Cal. 1974) 384 F.Supp. 633). Furthermore, the court recently retreated from the *Milanovich* position. In *United States* v. *Gaddis* (1976) 424 U.S. 544 [47 L.Ed.2d 222, 96 S.Ct. 1023] (see also concurring opinion of White, J. 424 U.S. at p. 551 [47 L.Ed.2d at p. 229]) the court held that notwithstanding the impropriety of convictions of both robbing a bank and receiving the proceeds of that robbery the defect could be

McComb, J., Tobriner, J., Mosk, J., Sullivan, J., Clark, J., and Richardson, J., concurred.

---

remedied by vacating one of the convictions and the sentence therefor. There is no impropriety in the instant case under the Supreme Court decisions in affording to the People as an alternative to outright reversals the right to require that defendant stand convicted of a violation of Vehicle Code section 10851, as the record reflects substantial evidence in support of an error-free conviction of that offense.