Filed 7/30/13  In re F.P. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re F.P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>F.P.,<br><br>　　　　Defendant and Appellant. | A137346<br><br>(Alameda County<br>　Super. Ct. No. SJ10014046) |

        This is an appeal from a dispositional order after the juvenile court sustained findings that appellant F.P., born in August 1995 (hereinafter, minor), committed one felony count of first degree robbery and one felony count of receiving stolen property. Minor contends, and the People agree, that this order must be vacated because the juvenile court erred in finding that he committed, with respect to the same property, the separate offenses of robbery and of receiving stolen property.  For reasons stated below, we likewise agree the juvenile court erred in sustaining both counts against minor, and thus reverse the dispositional order.

## FACTUAL AND PROCEDURAL BACKGROUND

        The facts of this case are undisputed.  On October 4, 2012, students B.N., J.T., and minor, among others, boarded an AC Transit bus after school.  During the bus ride, J.T. – a known bully and gang member with a reputation for violence – approached minor and

1

told him if he did not get B.N.'s gold necklace for J.T., "it would be bad." Minor felt threatened by J.T., so he approached B.N., who was wearing the necklace, and grabbed and pulled it from behind. The necklace broke at the clasp, and B.N. tried to hold onto it from the front to keep minor from taking it. During the struggle for the necklace, minor hit B.N. twice, and B.N. eventually let go.

J.T. and minor subsequently got off the bus, and minor handed the necklace to J.T. J.T. told minor that he had something for him, so minor accompanied J.T. on a second bus to a pawn shop called Cash for Gold, where J.T. sold the necklace for $235. J.T. gave minor $20, which he kept. Later, when the police came to minor's residence, he made a statement about the entire event and gave the police the name of the pawnshop so they could recover the necklace.

On October 10, 2012, the Alameda County District Attorney filed a wardship petition, pursuant to Welfare and Institutions Code section 602, subdivision (a), alleging that minor committed first degree robbery (Pen. Code, § 211[1]) and receiving stolen property (§ 496). At the conclusion of the jurisdictional hearing on November 14, 2012, the court sustained both counts and declared the aggregated maximum confinement time to be six years and four months. At the dispositional hearing on December 5, 2012, the court continued minor's wardship,[2] ordered that minor be detained at the Juvenile Justice Center, and imposed additional out-of-home terms and conditions of probation.

Minor filed a timely notice of appeal on December 13, 2012.

## DISCUSSION

The parties agree the juvenile court erred by sustaining the juvenile wardship petition with respect to both offenses. We likewise agree. The common law rule is that a defendant "may not be convicted of stealing and receiving the same property." (*People v. Jaramillo* (1976) 16 Cal.3d 752, 757 (*Jaramillo*); see also *People v. Allen* (1999) 21

---

[1]     Further undesignated statutory references are to the Penal Code.

[2]     Minor had previously been declared a ward of the court on July 14, 2011, after he admitted to tampering with a vehicle in violation of the Vehicle Code.

Cal.4th 846, 853 (*Allen*); *People v. Stephens* (1990) 218 Cal.App.3d 575, 586 (*Stephens*).) This court has found the same principle to be applicable in juvenile adjudications. (*In re Kali D.* (1995) 37 Cal.App.4th 381, 384-385, disapproved on another ground in *Allen, supra*, 21 Cal.4th at pp. 859-860.) The Legislature codified this rule when amending section 496, subdivision (a), to add the following language: "[N]o person may be convicted both [of receiving stolen property] and of the theft of the same property."[3]

An exception to this rule exists at common law known as the "complete divorcement" exception. (*People v. Tatum* (1962) 209 Cal.App.2d 179, 184 (*Tatum*), abrogated by statute on other grounds as stated in *People v. Hinks* (1997) 58 Cal.App.4th 1157, 1165 (*Hinks*).) This exception provides that a thief can be convicted of both stealing property and receiving the property in situations such as "where the thief has disposed of the property and subsequently received it back in a transaction separate from the original theft." (*Tatum, supra*, 209 Cal.App.2d at p. 183.) However, courts have interpreted the exception as requiring a *significant* break, not merely the passage of time, in the defendant's possession and control over the stolen property, sufficient to establish a divorcement between the acts of theft and of receiving the stolen property. (*People v. Garza* (2005) 35 Cal.4th 866, 879; see also *Jaramillo, supra*, 16 Cal.3d at p. 759, fn. 8.) For reasons explained below, we conclude that there was no such significant break in the instant case, such that the "complete divorcement" exception does not apply to minor's conduct.

For example, in *People v. Strong*, the defendant was charged under both Vehicle Code section 10851 and Penal Code section 496, subdivision (a) — one count for taking a vehicle and another count for driving the same vehicle. (*People v. Strong* (1994) 30 Cal.App.4th 366, 369.) The court determined defendant could be found guilty of both

---

[3]  In amending section 496, subdivision (a), the Legislature intended to, among other things, provide for the prosecution of principals in the actual theft of the property who continue to possess the property after the statute of limitations has run with respect to the theft. (*People v. Hinks* (1997) 58 Cal.App.4th 1157, 1165; see also *People v. Strong* (1994) 30 Cal.App.4th 366, 373.)

counts because "it appears that when defendant was found driving the pickup, the original crime of taking had long been completed. Four days had elapsed." (*Id.* at p. 375.) Conversely, in *Tatum*, this court reversed the judgment convicting the defendant of both concealing and withholding the same stolen property, because it was unable to find "evidence of acts of concealment entirely separate and apart from the theft." (*Tatum, supra*, 209 Cal.App.2d at p. 185.) Similarly, in the instant case, minor's possession of the necklace was part and parcel of the robbery. Although minor may have handed the necklace to J.T. after the robbery, he then accompanied J.T. to the pawn shop and, thus, never distanced from the necklace itself. Nor did much time pass between the robbery of the necklace and the exchange for money at the pawn shop. Under these circumstances, we conclude minor's initial receipt of the necklace and subsequent receipt of money in exchange for the necklace was part of "one continuous journey away from the locus of the theft." (Cf. *People v. Malamut* (1971) 16 Cal.App.3d 237, 242 [concluding there was a "substantial break" in the crimes of grand theft and of unlawful taking or driving of a vehicle where a substantial period of time elapsed between the initial theft and the subsequent driving of the stolen vehicle, and where the theft occurred in a different location from where the defendant was later found driving].) As such, the juvenile court in this case clearly erred by sustaining both the count of robbery and the count of receiving stolen property.

Finally, this court has held that, under these circumstances, where a defendant is erroneously found to have committed the offenses of both stealing property and receiving the same stolen property, the "appropriate remedy" is to "reverse only . . . the conviction for receiving stolen property." (*Stephens, supra*, 218 Cal.App.3d at p. 586-587; see *In re Kali D., supra*, 37 Cal.App.4th at p. 387; see also *People v. Stewart* (1986) 185 Cal.App.3d 197, 206-207, overruled on another ground in *Allen, supra*, 21 Cal.4th at p. 866.) Accordingly, the appropriate remedy in the instant case is to vacate the juvenile court's finding that minor committed the offense of receiving stolen property. (See, e.g., *People v. Ceja* (2010) 49 Cal.4th 1, 10.)

4

## DISPOSITION

The dispositional order is vacated, and the matter is remanded to the juvenile court with directions to strike the finding that minor committed the offense of receiving stolen property and to conduct a new hearing on minor's maximum time of confinement.

_____

Jenkins, J.

We concur:

_____

McGuiness, P. J.

_____

Pollak, J.