Filed 12/10/14  P. v. Walters CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059660 |
| v. | (Super.Ct.No. SWF1200885) |
| TOMMY LEE WALTERS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Timothy F. Freer, Judge. Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene Sevidal and Barry Carlton, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant, Tommy Lee Walters, was charged with driving or taking a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a)), along with an alternate

1

count of receiving a stolen vehicle (Pen. Code, § 496d), a misdemeanor charge of being under the influence of a controlled substance (heroin), (Health & Saf. Code, §11550, subd. (a)), allegations he had suffered two prison priors (Pen. Code, § 667.5, subd, (b)), and two Strike priors (Pen. Code, § 667, subds. (b)-(i)). After the jury expressed difficulty reaching an agreement, an ill juror was replaced by an alternate, and the reconstituted jury convicted defendant of driving or taking the vehicle and being under the influence of a controlled substance. Defendant admitted the prior conviction allegations, and was sentenced to an aggregate term of four years in state prison.

Defendant appeals, challenging the denial of a request for mistrial after the court replaced a juror who became ill during deliberations, after the court had directed the jury, which was having difficulty reaching a verdict, to continue deliberating. We affirm.

### BACKGROUND

We provide a cursory overview of the facts of the offense because they are not germane to the issue. Defendant drove up to the residence where Darlene Walters, his wife, lived with her boyfriend Richard Monson. Defendant was driving a blue pickup truck that he said belonged to a friend. Upon hearing the vehicle drive up, Monson went outside to investigate because defendant had previously said he would steal a car to get Darlene if he had to. Monson was angry that defendant had brought a stolen truck to the residence and told defendant to get the stolen truck out of there. Defendant and Monson then began to bump chests and struggle in an altercation over Darlene.

The two men then calmed down and went inside the residence. At about this time, Corporal Blinn of the Riverside Sheriff's Department arrived with his partner in response

2

to a call about a disturbance and an unknown vehicle at the location. They saw a blue pickup truck parked in the driveway with the engine still running. The rear window on the driver's side was smashed, and because the caller had referred to a truck, Corporal Blinn suspected the truck was stolen.

After a few minutes, the officers saw Monson exit the residence followed by defendant. Corporal Blinn stopped defendant from touching the truck as defendant approached it, and asked to speak with defendant. Defendant denied seeing the truck before. Corporal Blinn looked in from the passenger side of the truck and saw that the ignition had been removed and there was a set of keys dangling from the hole where the ignition had been. The keys included an AutoZone Rewards card (in defendant's name), a flashlight, which Darlene identified as belonging to defendant, and a small tool. Blinn also saw a box of cigarettes and the bottom half of an aluminum can with black residue and melted cotton fibers, commonly used for "cooking" heroin. Corporal Blinn noted that defendant exhibited symptoms of a depressant, and defendant admitted he used heroin. It was subsequently learned that the pickup had been recently stolen.

Defendant was charged by an amended information with driving or taking a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a), count 1), buying or receiving a stolen vehicle (Pen. Code, § 496d, subd. (a), count 2 [as an alternate count]), and a misdemeanor charge of being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a), count 3). It was further alleged that defendant had suffered two prior felony convictions for which he had served prison terms (prison priors)

3

within the meaning of Penal Code, section 667.5, subdivision (b),[1] and that he had suffered two prior convictions for a serious or violent felony under Penal Code section 667, subdivisions (c) and (e)(2)(A) (the Strikes law).

Defendant was tried by a jury.  During deliberations, the jury forwarded several questions and requests to the court before informing the court that there had been four votes with two changes but that the jury was not unanimous.  The court contacted counsel to advise them of the development, and added that in addition to the lack of unanimity, one juror was ill and wished to be excused.

With the jury present, the court inquired if the jury were unanimous on any count, and learned that it had reached a verdict on one count.  The court indicated it was reluctant to declare a mistrial when there is a possibility of a unanimous verdict, so it inquired of the jurors, individually, whether they thought additional deliberations would be of benefit.  Of the twelve original jurors, six indicated that further deliberations would be of benefit, but six indicated they would not.

The court determined that further deliberations would be of benefit and excused all the jurors except Juror No. 12, who had requested to be excused for illness.  The court asked if the juror felt well enough to stay till the end of day, and the juror indicated that although she had just been ill in the bathroom, she would try to stay.  The jury retired to resume deliberations.

---

[1] The information upon which defendant was tried did not include the prison priors.  However, the priors were bifurcated from the trial of guilt on the substantive charges, and the People filed a second amended information prior to the court trial on the priors to add the prison priors.

The next morning, Juror No. 12 called in sick, reporting that her doctor had directed her to stay at home for two weeks. Defense counsel did not object to excusing the ill juror, but requested a mistrial instead of replacing the juror. The court denied the motion for mistrial. The court selected an alternate juror to replace the ill juror and the jury was instructed to recommence deliberations, disregarding the earlier deliberations. At 11:45 a.m., the jury returned with verdicts: it found defendant guilty of count 1 (Veh. Code, § 10851, subd. (a)), and count 3[2] (Health & Saf. Code, §11550, subd. (a)).

On August 15, 2013, defendant admitted the prison priors as well as the Strikes and the court sentenced the defendant to four years in state prison (the midterm of two years, doubled for the Strike). The court struck the two prison priors at sentencing. Defendant timely appealed.

**DISCUSSION**

*The Trial Court Did Not Abuse Its Discretion In Denying a Mistrial.*

Defendant argues that the trial court erroneously denied his request for a mistrial. He asserts it was error to replace the ill juror with an alternate, where the jury was "deadlocked," and that the court's comments about "closure" and "judicial economy" placed pressure on the jurors to reach a verdict. We disagree.

---

[2] The jury had been instructed that if it returned a guilty verdict on count 1, it should leave the verdict form for count 2 blank. A defendant cannot be convicted of both stealing and receiving the same property. (*People v. Allen* (1999) 21 Cal.4th 846, 851-853; *People v. Jaramillo* (1976) 16 Cal.3d 752, 757.) Subsequently, the court deemed that the mere fact the jury found defendant guilty on count 1 made count 2 a not guilty finding as a matter of law. The Judicial Council of California Criminal Jury Instruction (CALCRIM) should be amended to instruct the jury to make a not guilty finding on an alternate count to avoid confusion in the future.

A motion for a mistrial should be granted when a defendant's chances of receiving a fair trial have been irreparably damaged. (*People v. Harris* (2013) 57 Cal.4th 804, 848.) A motion for mistrial is directed to the sound discretion of the trial court. (*People v. Jenkins* (2000) 22 Cal.4th 900, 985.) In order to show his chances of receiving a fair trial were damaged, defendant must establish that the trial court erred in replacing the ill juror, and that it coerced the jurors to continue deliberating.

If at any time, whether before or after the final submission of the case to the jury, a juror dies or becomes ill, or upon other good cause shown to the court is found to be unable to perform his or her duty, or if a jury requests a discharge and good cause appears, the court may order the juror to be discharged and draw the name of an alternate to take the place of the discharged juror. (Pen. Code, § 1089; *People v. Thomas* (1990) 218 Cal.App.3d 1477, 1484.) In such a situation, where good cause is shown, the decision to discharge the juror rests within the discretion of the trial court, and, absent an abuse of discretion, cannot be disturbed on appeal. (*People v. Boyette* (2002) 29 Cal.4th 381, 462, citing *People v. Cleveland* (2001) 25 Cal.4th 466, 475; see also, *People v. Moore* (1985) 166 Cal.App.3d 540, 547 (*Moore*).)

Defendant did not object to the discharge of the ill juror, but opposed the substitution of an alternate juror for the discharged juror. However, when a juror is dismissed or discharged after commencement of deliberations, it is appropriate to substitute another juror. (*People v. Collins* (1976) 17 Cal.3d 687, 691-692 (*Collins*).) The substitution of another juror is desirable to maintain judicial efficiency and avoid retrial. (*Id.,* at p. 692.) Further, where a juror is discharged during deliberations and

6

replaced with an alternate juror, the trial court is required to instruct the jury to set aside and disregard all past deliberations and begin deliberations anew. (Pen. Code, § 1089; *Collins, supra,* 17 Cal.3d at p. 691; *People v. Martinez* (1984) 159 Cal.App.3d 661, 664.) This instruction insures that each of the 12 jurors reaching the verdict has fully participated in the deliberations, just as each had observed and heard all the proceedings in the case. (*Collins, supra,* 17 Cal.3d at p. 694.)

The defendant's right to a fair and impartial jury does not include the right to have any particular individual sit as a juror on his case. (*Moore, supra,* 166 Cal.App.3d at p. 548.) Thus, the trial court properly exercised its discretion in excusing the ill juror, replacing that juror with an alternate, and in instructing the jury to begin deliberations anew.

Having determined that the court did not err in replacing the ill juror and instructing the juror to begin deliberations anew, we turn to the question of whether the trial court improperly placed excessive pressure on dissenting jurors. (See, *People v. Gainer* (1977) 19 Cal.3d 835, 845, 852 [disapproved on another position in *People v. Valdez* (2012) 55 Cal.4th 82, 163] [holding it is error to give an instruction that either (1) encourages jurors to consider the numerical division or preponderance of opinion in forming or reexamining their views (previously approved by the United States Supreme Court in *Allen v. United States* (1896) 164 U.S. 492, 530-531 [41 L.Ed. 528, 17 S.Ct. 154]) or (2) states or implies that if the jury fails to agree the case will necessarily be retried].)

Prior to the discharge of the ill juror, the jury sent a note to the court indicating it was not unanimous. The jury foreman did not indicate the numerical division of the panel, and the court did not inquire.[3] Instead, the court summoned the jury to inquire if additional deliberations would be beneficial.

The court addressed the panel. Among other things, the court stated, "You've only been deliberating for now one day, maybe almost a day and a half. In the interest of judicial economy, your time is everyone else's time. It's better if we can reach a verdict one way or the other. I'm not saying how, which verdict you're going to reach, but we need closure. That's what we do here is closure, if it's at all possible. I would ask you to go back and deliberate further." The court also reminded the jury that everyone was entitled to "their own opinion," although one may be persuaded "you may be incorrect," but "if you're still convinced, absolutely stick by your guns."

The next day, Juror No. 12 called in ill and was excused, replaced by an alternate. The court instructed the jury to disregard all past deliberations and begin them again, as if those earlier deliberations had not taken place. (CALCRIM No. 3575.) We assume the jury followed the instructions. (*People v. Lucas* (2014) 60 Cal.4th 153, 322, citing

---

[3] The next day, when defense counsel put his mistrial motion on the record, counsel asked the court what the numerical division of the jury was, and the court responded that they were 11 to 1. However, the court never inquired of the jury what its numerical division was on the previous day, and the jury notes did not indicate what the division was. The jury's note merely indicated that they were not unanimous. When the court polled the jury to determine if further deliberations might possibly be of benefit in reaching a verdict, six replied yes, and six replied no. On this record, the court misspoke when it commented that the numerical division was "11-to-1", and there is nothing to suggest Juror No. 12 was a hold out.

*People v. Yeoman* (2003) 31 Cal.4th 93, 139.) Any error presented by the court's comments was necessarily rendered moot when the ill juror was discharged and replaced by the alternate, because there was no deadlock among the newly reconstituted jury. There could be no harm from the court's comments to the original jury, instructing the jurors to continue deliberations, when that jury's deliberations did not form the basis for the convictions.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

HOLLENHORST
J.

KING
J.