Filed 7/8/24  P. v. Smith CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082129 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN440036) |
| VANCE LAMONT SMITH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David G. Brown, Judge.  Affirmed as amended; remanded with directions.

Bruce L. Kotler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Vance Lamont Smith of two counts of unlawfully taking and driving a trailer (Veh. Code, § 10851, subd. (a); counts 1 and 3) and two counts of buying, receiving, concealing, selling, or withholding a

stolen trailer (Pen. Code,[1] § 496d; counts 2 and 4). Smith admitted to two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12).

The court sentenced Smith to prison for five years four months, consisting of: four years (middle term of two years, doubled for prior strike) on count 1 and a consecutive term of one year four months (one third of the middle term of two years, doubled for the prior strike) on count 3. Under section 654, the court stayed the sentence on counts 2 and 4.

Smith appeals, contending substantial evidence does not support his conviction under count 2 and the trial court committed prejudicial error in admitting a hearsay statement as to the value of the trailer. The People concede and we agree that substantial evidence does not support Smith's conviction under count 2. However, we determine that Smith forfeited his challenge to the subject hearsay evidence. Further, on the record before us, we cannot say that Smith's trial counsel provided ineffective assistance of counsel. Accordingly, we vacate Smith's conviction under count 2 and remand the matter to the superior court with instructions to amend the abstract of judgment consistent with this opinion. In all other respects, the judgment is affirmed.

FACTUAL BACKGROUND[2]

On the morning of December 27, 2022, R.Q., the owner of a U-Haul truck and trailer rental in Vista, arrived for work and noticed that several trailers had been moved and a few trailers were missing. R.Q. reviewed video footage from the overnight surveillance of the parking lot and saw

---

[1] Statutory references are to the Penal Code unless otherwise specified.

[2] The parties do not dispute the facts. We therefore paraphrase the more concise facts from the People's brief here, which accurately reflects the record.

Smith pull up to the lot at 3:43 a.m. in a white Ford pick-up truck. Smith attached a vehicle trailer, identified by decals as AT4441W to his pick-up truck and drove off the lot. About an hour later, R.Q. saw Smith return to the parking lot and take another vehicle trailer, this one identified by decals as AT3280Y. R.Q. reported the incident and both trailers were placed in the stolen vehicle system.

On the morning of December 29, 2022, C.S., the owner at Rocket Storage in Vista, saw a Hispanic man spray painting an unhooked U-Haul trailer with the identification number AT3280Y. C.S. told the Hispanic man to leave the facility and the man left on a skateboard. C.S. called U-Haul about the trailer, and he was advised that the trailer was stolen.

About an hour later, Smith arrived at Rocket Storage in a white Ford pick-up truck with no license plates. C.S. asked Smith for identification and Smith produced a California identification card. Smith initially told C.S. that he had a rental agreement but then told C.S. that he was going to take the trailer to the Department of Motor Vehicles to register it. C.S. reported the incident to law enforcement. Two deputies from the San Diego County Sheriff's Department responded to investigate about 30 minutes later.

After arriving at Rocket Storage, the deputies examined the trailer, confirmed that it was stolen and reviewed a report regarding the stolen trailer, which included a description of the suspect matching Smith and surveillance footage of the theft. The deputies also located a white pick-up truck matching the description of the truck used in the U-Haul thefts parked inside of the Rocket Storage facility. After confirming that the truck belonged to Smith, they arrested him.

The next morning, the deputies responded to a report of a stolen U-Haul trailer parked at a house in Vista, about one mile from Rocket

3

Storage. They recognized the trailer's identification number, AT4441W, from the theft at the U-Haul lot on December 27, 2022. R.Q. came to retrieve the stolen trailer.

DISCUSSION

I

COUNT 2

A. Smith's Contentions

Smith asserts and the People concede that substantial evidence does not support his conviction under count 2 for unlawfully receiving trailer ATT441W. We agree that, under the facts of this case, Smith cannot be convicted for unlawfully taking trailer AT4441W in violation of Vehicle Code section 10851, subdivision (a) and receiving that same trailer in violation of Penal Code section 496d.

B. Background

In count 1 of the amended information, Smith was charged with driving and taking trailer AT4441W, with intent to either permanently or temporarily deprive the owner of title and possession of the trailer in violation of Vehicle Code section 10851, subdivision (a). In count 2, Smith was charged with unlawfully buying, receiving, concealing, selling, and withholding or aiding in concealing, selling, and withholding trailer AT4441W.

There is no challenge to the sufficiency of the evidence that Smith took trailer AT4441W from the U-Haul rental lot in the early morning hours of December 27, 2022. That trailer was found parked at a house in Vista. There was no evidence offered at trial that Smith drove trailer AT4441W to the subject house, and Smith did not own and was not a resident of that house.

4

During closing arguments, the prosecutor maintained that Smith had unlawfully taken trailer AT4441W. However, she did not contend that Smith had unlawfully driven the trailer after taking it.

C.  Standard of Review and Relevant Legal Principles

When we assess the sufficiency of the evidence supporting a criminal conviction, we apply the substantial evidence standard of review. (*People v. Rangel* (2016) 62 Cal.4th 1192, 1212.) Under that standard, " ' "we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." ' " (*People v. Garcia* (2020) 46 Cal.App.5th 123, 144.) " 'Substantial evidence includes circumstantial evidence and any reasonable inferences drawn from that evidence.' [Citation.] However, '[a] reasonable inference may not be based on suspicion alone, or on imagination, speculation, supposition, surmise, conjecture, or guesswork; a finding of fact must be an inference drawn from evidence rather than a mere speculation as to probabilities without evidence.' [Citation.] ' " 'By definition, "substantial evidence" requires *evidence* and not mere speculation.' " ' " (*People v. Grant* (2020) 57 Cal.App.5th 323, 330.)

A defendant can violate Vehicle Code section 10851, subdivision (a) by either unlawfully taking or driving a vehicle. (*People v. Garza* (2005) 35 Cal.4th 866, 871, 876 (*Garza*).) A taking is complete when the defendant reaches a place of safety, when the driving is no longer part of a " ' "continuous journey away from the *locus* of the theft" ' " (*id.* at p. 878., quoting *People v. Strong* (1994) 30 Cal.App.4th 366, 375 (*Strong*)), or when the "driving is not part of the escape from the scene of the theft." (*People v. Calistro* (2017) 12 Cal.App.5th 387, 395.) When the driving is " 'part and

5

parcel' " of the theft—such that there is one continuous Vehicle Code section 10851, subdivision (a), violation—it is a theft conviction. Generally, a defendant who takes a vehicle, thus committing a theft offense, cannot also be convicted of receiving the same vehicle as stolen property under Penal Code section 496d. (*Calistro* at pp. 403, 395.)

Dual convictions under Vehicle Code section 10851, subdivision (a), and section 496d are allowed, however, " 'when there is evidence of *complete divorcement* between the theft and subsequent receiving, such as when the thief has disposed of the property and subsequently receives it back in a transaction separate from the original theft.' " (*Garza, supra*, 35 Cal.4th at pp. 874–875, quoting *People v. Jaramillo* (1976) 16 Cal.3d 752, 759, fn. 8.) Accordingly, the dispositive issue regarding dual convictions under Vehicle Code section 10851, subdivision (a) and Penal Code section 496d is whether a defendant's Vehicle Code section 10851, subdivision (a) conviction was predicated on a theft or posttheft driving theory. (*Garza*, at p. 881.) When a defendant is improperly convicted of both stealing and receiving the stolen property, the theft conviction should be upheld and the receiving conviction reversed. (*People v. Ceja* (2010) 49 Cal.4th 1, 10 (*Ceja*).)

D. Analysis

Here, although the amended information charged Smith with taking and driving the vehicle in violation of Vehicle Code section 10851, subdivision (a) in count 1 , the prosecution proceeded solely on the taking theory. Moreover, although the jury's verdict form on count 1 reflected a finding that Smith both took and drove the vehicle, this finding is unsupported by the record. As adduced at trial, Smith hooked trailer AT4441W to his truck and took it from the U-Haul rental lot. Further, as Smith notes and the People do not challenge, there is no evidence

6

as to what Smith did after taking the trailer or what might have happened to the trailer between the time Smith took it from the U-Haul rental lot and when it was discovered at the house in Vista. Although Smith did drive the trailer away from the U-Haul lot, there is no evidence that he disposed of it and then received it back at the residence in Vista. Rather, the evidence supports the theory that Smith was on one " 'continuous journey away from the *locus* of the theft.' " (*Strong, supra*, 30 Cal.App.4th at p. 375.) And the prosecutor did not contend otherwise at trial with respect to count 1, focusing solely on the theory that Smith took the trailer.

Against this backdrop, dual convictions on counts 1 and 2 are not proper. The record clearly demonstrates that the offense for which Smith was convicted in count 1 was the unlawful taking of trailer AT4441W, and thus, Smith cannot be convicted of receiving that same trailer as stolen property in count 2. (*Strong, supra*, 30 Cal.App.4th at p. 374.) Consequently, the Vehicle Code section 10851, subdivision (a) conviction in count 1 should be upheld and the Penal Code section 496d conviction in count 2 must be reversed. (*Ceja, supra*, 49 Cal.4th at p. 10.)

II

EVIDENCE REGARDING VALUE OF THE TRAILER

A. Smith's Contentions

Smith maintains that his two felony convictions under Vehicle Code section 10851, subdivision (a) must be reduced to misdemeanors because the trial court erred in admitting hearsay as to the value of the stolen trailers. Specifically, he argues the admission of the testimony violated the expert witness testimony and hearsay rules outlined in *People v. Sanchez* (2016) 63 Cal.4th 665 (*Sanchez*). We are not persuaded.

7

B. Background

One of the motions in limine Smith filed was to exclude any speculation about the cost of the trailers. He based this motion on Evidence Code section 702,[3] arguing that no one has personal knowledge of the cost of the U-Haul trailers because they are not available for sale and could not be compared to other brands.

Although the court granted Smith's motion in limine to exclude speculation regarding the value of the U-Haul trailer, it made clear that a witness would be permitted to testify about the value of the trailer if he or she had the basis to do so. The court explained:

> "Here's what I'm going to rule, cutting the baby in half. A witness can testify on his training or experience that he saw these trailers being sold for, I'm assuming we're not looking at under a thousand. And this is subject to cross-examination. I mean, is that—that goes to weight. So if you can say, well, you don't essentially say, politely of course, you don't know what you're talking about. Then you certainly have that opportunity. But to preclude it, . . . , I'm not likely to do under any sort of sense that it does go to the weight, not the admissibility. Just like any opinion, at least in my way of thinking."

The court further illuminated:

> "I would say a witness of—I would say I would deny an objection as to speculation if Mr. Rocket trailer guy gets up there and says, I've seen trailers like this and they cost $5,000 to build, subject to your cross-examination. I'm not

---

[3]    Evidence Code section 702 states:
"(a) Subject to Section 801, the testimony of a witness concerning a particular matter is inadmissible unless he has personal knowledge of the matter. Against the objection of a party, such personal knowledge must be shown before the witness may testify concerning the matter.
"(b) A witness' personal knowledge of a matter may be shown by any otherwise admissible evidence, including his own testimony."

8

saying that a U-Haul trailer has the value that can only be established by a U-Haul executive. And I don't want to denigrate anyone's argument, but it seems, and I think jurors can infer this, that a U-Haul trailer has a value in excess of $950, just by looking at the darn thing. Or has a[n] asset value in excess of $950, so I could be wrong about that."

Defense counsel argued that a witness should not be permitted to state that the trailers at issue in this case cost a certain amount because trailers generally cost that amount. The trial court agreed, but explained that a witness would be permitted to provide some sort of valuation and not simply state that the trailer's value was more than $950. However, defense counsel did not raise the issue of hearsay.

At trial, the prosecutor sought to introduce evidence as to the value of the stolen trailers and offered the following testimony of R.Q.:

"Q: Now, these two trailers that are stolen from the lot on December 27, what were the values of these trailers?

"A: The replacement value was $8,000 each.

"Q: How did you come to that conclusion? Or how did you come up with a value?

"A: That is the value provided by U-Haul."

On cross-examination, defense counsel asked R.Q. about the value of the trailer:

"Q: You stated the value for the trailer was $8,000?

"A: Correct.

"Q: That's a different value then you previously given to law enforcement; right?

"A: Correct.

"Q: As you mentioned these trailers are not for sale; right?

9

"A: Correct.

"Q: There is a rental price but not a sales price?

"A: Correct.

"Q: U-Haul manufactures their own trailers?

"A: Yes.

"Q: And after the trailers have reached their life, they are melted down and the metal is repurposed; right?

"A: That's correct.

"Q: So, again, they are not put up for sale?

"A: Correct.

"Q: Do you have documentation showing the cost of the trailers?

"A: I do have a text from U-Haul Corporate, yes.

"Q: Did you provide that to the prosecutor in this case?

"A: I have not."

On redirect examination, the prosecutor clarified as follows:

"Q: So after the trailers were stolen, you were able to get a better estimate of the value of the stolen trailer; is that right?

"A: That's correct.

"Q: And the information that you received, was that it cost $8,000 to replace each trailer?

"A: That's correct."

C. Analysis

Here, Smith claims that the trial court improperly admitted hearsay evidence regarding the value of the U-Haul trailer. However, defense counsel

10

did not object to R.Q.'s testimony regarding the value of the U-Haul trailer on hearsay grounds. Therefore, Smith forfeited this issue on appeal. (See *People v. Jackson* (2016) 1 Cal.5th 269, 328 ["A ' "defendant's failure to make a timely and specific objection" on the ground asserted on appeal makes that ground not cognizable' "], quoting *People v. Seijas* (2005) 36 Cal.4th 291, 302; see Evidence Code section 353 [verdict or finding may not be set aside due to the erroneous admission of evidence absent a specific and timely objection].)

Nonetheless, Smith essentially contends that the motion in limine he filed pursuant to Evidence Code section 702 should be construed as a hearsay objection. We are not persuaded. The subject motion was specifically aimed at speculative testimony. Moreover, defendants who make in limine motions to exclude evidence are generally "required to renew their objection at trial, when the trial court would have the opportunity to evaluate their objections in light of the actual evidence presented." (*People v. Letner and Tobin* (2010) 50 Cal.4th 99, 159.) Additionally, Evidence Code section 353, subdivision (1), requires an objection "so stated as to make clear the specific ground of the objection." "What is important is that the objection fairly inform the trial court, as well as the party offering the evidence, of the specific reason or reasons the objecting party believes the evidence should be excluded, so the party offering the evidence can respond appropriately and the court can make a fully informed ruling." (*People v. Partida* (2005) 37 Cal.4th 428, 435.) Foundational facts, such as personal knowledge of a witness, are required under several evidentiary rules, not only for claimed hearsay evidence. (See, e.g., Evid. Code, §§ 400–405, 702, 720, 800–801.) Thus, a foundational issue raised in a motion in limine pursuant to Evidence Code section 702 does not give notice of a hearsay objection. We thus reject Smith's assertion that his motion in limine preserved his hearsay challenge on appeal.

11

Additionally, we find Smith's reliance on *Sanchez*, *supra*, 63 Cal.4th 665 misplaced. In *Sanchez*, our high court explained that "[w]hen any expert relates to the jury case-specific out-of-court statements, and treats the content of those statements as true and accurate to support the expert's opinion, the statements are hearsay." (*Id.* at p. 686.) The court defined "[c]ase-specific facts" as "those relating to the particular events and participants alleged to have been involved in the case being tried." (*Id.* at p. 676.) It concluded that an expert's recitation of case-specific facts is prohibited if the facts are outside the expert's personal knowledge, do not fall under an exception to the hearsay rule, or have not been independently established by competent evidence. (*Id.* at pp. 676–677, 686.)

Here, R.Q. testified as the owner of the rental lot from which Smith stole the trailers. R.Q. was on duty the morning of the theft, and he was the person who noticed the trailers were missing and then reviewed the surveillance footage of Smith stealing the trailers. R.Q. was not offered, and did not testify, as an expert on trailers or any issue regarding their value. Therefore, *Sanchez* is not applicable, and the ordinary rules of evidence apply.

So, what remains is Smith's argument that R.Q.'s testimony about the value of the U-Haul trailers was inadmissible hearsay. Nonetheless, he forfeited that objection by failing to make it below. (See *People v. Jackson*, *supra*, 1 Cal.5th at p. 328.)

Anticipating forfeiture, Smith asserts that he received ineffective assistance of counsel because his attorney did not object to the evidence of the value of the U-Haul trailer. To establish ineffective assistance of counsel, a defendant must "demonstrate (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing

12

professional norms, and (2) counsel's deficient representation prejudiced the defendant, i.e., there is a 'reasonable probability' that, but for counsel's failings, defendant would have obtained a more favorable result." (*People v. Dennis* (1998) 17 Cal.4th 468, 540–541; see *Strickland v. Washington* (1984) 466 U.S. 668, 687.)

Where a defendant argues on appeal that counsel's failure to raise a timely objection at trial amounts to ineffective assistance of counsel, "a reviewing court defers to counsel's reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) Moreover, " '[u]nless a defendant establishes the contrary, we shall presume that "counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy." [Citation.] If the record "sheds no light on why counsel acted or failed to act in the manner challenged," an appellate claim of ineffective assistance of counsel must be rejected "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." ' " (*People v. Bell* (2019) 7 Cal.5th 70, 125; see *People v. Nguyen* (2015) 61 Cal.4th 1015, 1051 [" 'In the usual case, where counsel's trial tactics or strategic reasons for challenged decisions do not appear on the record, we will not find ineffective assistance of counsel on appeal unless there could be no conceivable reason for counsel's acts or omissions.' "].)

Here, Smith's ineffective assistance of counsel argument rests on his assertion that his trial counsel had no tactical reason for failing to object to R.Q.'s testimony regarding the value of the U-Haul trailer. We are not persuaded.

13

On the record before us, we cannot say that Smith's trial counsel did not have a tactical reason for failing to object. One of defense counsel's theories was mistaken identity as she argued that Smith could not be positively identified from the surveillance footage, and there was no other evidence connecting Smith to the trailer thefts. R.Q. was a prosecution witness who observed the surveillance footage to identify Smith. Defense counsel cross-examined R.Q. about his testimony as to the value of the U-Haul trailer and got R.Q. to admit that the value he testified to at trial was different than what he told law enforcement. Thus, there exists a plausible strategic choice in allowing R.Q. to testify as to the value of the U-Haul trailer. After doing so, defense counsel was able to attack R.Q.'s credibility to undermine his testimony about what he observed on the surveillance video. Such a tactic is further buttressed by the fact that the prosecution could have called another individual to testify as to the value of the U-Haul trailer as well as the possibility that there was no real dispute that the value of each U-Haul trailer exceeded $950. Indeed, Smith's counsel did not mention or otherwise challenge the value of the trailers during closing argument. Consequently, Smith's ineffective assistance of counsel argument necessarily fails.

DISPOSITION

Smith's conviction under count 2 is vacated. In all other respects, the judgment is affirmed. This matter is remanded to the superior court with directions to amend the abstract of judgment consistent with this opinion and forward the amended abstract to the Department of Corrections and Rehabilitation.

HUFFMAN, Acting P. J.

WE CONCUR:


BUCHANAN, J.


KELETY, J.

15