[No. B107718. Second Dist., Div. One. Oct. 29, 1997.]

THE PEOPLE, Plaintiff and Appellant, v.
LENNOX LINCOLN HINKS et al., Defendants and Respondents.

**COUNSEL**

Gil Garcetti, District Attorney, Patrick D. Moran and Brent Riggs, Deputy District Attorneys, for Plaintiff and Appellant.

Frederic J. Warner, under appointment by the Court of Appeal, Bruce A. Hoffman, Alternate Public Defender, Felicia Kahn Grant and Vivian Gray, Deputy Alternate Public Defenders, for Defendants and Respondents.

**OPINION**

**SPENCER, P. J.—**

### INTRODUCTION

The People appeal from an order granting the motion of defendants Lennox Lincoln Hinks and Carlton Michael Villanueva for a new trial on the ground the verdict was contrary to law or evidence. (Pen. Code, §§ 1181, subd. 6, 1238, subd. (a)(3).) Defendants had been convicted, following a jury trial, of receiving stolen property. (*Id.,* § 496, subd. (a).) We reverse the order.

### STATEMENT OF FACTS

About 4 a.m. on June 30, 1996, Los Angeles Police Officer Dana Binion was working an undercover surveillance assignment designed to combat automobile theft in West Los Angeles. He observed defendant Hinks sitting on a bus bench at the corner of Barrington Avenue and Pico Boulevard. Century Motors, an automobile repair shop specializing in Mercedes Benz automobiles, was located on the same corner; Century Motors previously had been the victim of early morning thefts. Officer Binion also observed defendant Villanueva driving an El Camino around the neighborhood.

Defendant Villanueva stopped the El Camino about half a block from Century Motors, got out and looked up and down Pico Boulevard. He then got back into the vehicle, drove to Century Motors and parked by the gate leading into the establishment. Officer Binion heard some popping sounds, then an alarm bell ringing inside Century Motors.

Officer Binion saw defendant Hinks walk over to the fence surrounding Century Motors. He saw Hinks being handed the canvas convertible top to a Mercedes Benz from over the fence; Hinks placed the top in the bed of the El Camino, then got into the vehicle on the passenger side. Villanueva drove away.

The police stopped defendants shortly thereafter. In addition to the convertible top, they had two Mercedes Benz grilles in the bed of the El Camino

and two Mercedes Benz headlamp doors in the cab. All of these items had been taken from Mercedes Benz automobiles left at Century Motors for repairs.

## CONTENTION

 The People contend the trial court erred in granting defendants' motion for a new trial, in that defendants properly could be convicted of receiving stolen property even though they were principals in the theft of the property. For the reasons set forth below, we agree.

## DISCUSSION

Penal Code section 1181, subdivision 6, provides a trial court may grant a new trial "[w]hen the verdict or finding is contrary to law or evidence." A motion for new trial is addressed to the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. (*People* v. *McDaniel* (1976) 16 Cal.3d 156, 177 [127 Cal.Rptr. 467, 545 P.2d 843]; *People* v. *Taylor* (1995) 33 Cal.App.4th 262, 265 [40 Cal.Rptr.2d 132].) Since it is the trial court's function in the first instance to assess witness credibility and resolve conflicts in the evidence, the appellate court should give great deference to the trial court's factual determinations (*Andrews* v. *County of Orange* (1982) 130 Cal.App.3d 944, 954-955 [182 Cal.Rptr. 176]) when deciding whether there has been an abuse of discretion. However, questions of law are decided de novo by this court. (Cf. *People* v. *Rivera* (1992) 8 Cal.App.4th 1000, 1005-1006 [10 Cal.Rptr.2d 785].)

 The evidence here suggested defendants stole the automobile parts found in their possession in the El Camino. Nonetheless, they were charged. only with receiving stolen property, not with the theft itself.

Penal Code section 496,[1] subdivision (a), provides that "[e]very person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained," is guilty of receiving stolen property. The second paragraph of section 496, subdivision (a), added in 1992 (Stats. 1992, ch. 1146, § 1), provides: "A principal in the actual theft of the property may be convicted pursuant to this section. However, no person may be convicted both pursuant to this section and of the theft of the same property."

---

[1]Hereafter section 496.

It is the meaning of the second paragraph which is at issue here. The trial court took the position a principal in the theft of property cannot be convicted of receiving that stolen property "unless the acts of receiving, concealing, or withholding are completely divorced from the theft itself," and so instructed the jury. On the motion for new trial, the trial court found there was insufficient evidence defendants' possession of the stolen property was completely divorced from the theft of the property and granted the motion on that ground.

Prior to the enactment of the second paragraph of section 496, subdivision (a), a rule of law already had been developed precluding conviction for stealing and receiving the same property. (*People* v. *Price* (1991) 1 Cal.4th 324, 464 [3 Cal.Rptr.2d 106, 821 P.2d 610]; *People* v. *Jaramillo* (1976) 16 Cal.3d 752, 759 [129 Cal.Rptr. 306, 548 P.2d 706].) Limited exceptions to this rule existed, however. (*Price, supra*, at p. 464.) The Supreme Court in *People* v. *Jaramillo* noted that ". . . when there is evidence of complete divorcement between the theft and a subsequent receiving, such as when the thief has disposed of the property and subsequently receives it back in a transaction separate from the original theft, conviction on both charges would be proper. [Citation.] Also when a conspiracy between the thief and the receiver is established, the thief may be convicted for both conspiracy and receiving. [Citations.]" (*Jaramillo, supra*, at p. 759, fn. 8.)

Thus, a "complete divorcement" of theft and receipt of stolen property is required before a defendant may be convicted of both crimes. The trial court took the position that a "complete divorcement" of theft and receipt of stolen property is required as well before a defendant may be convicted of receipt of stolen property if defendant was also the thief.

The "complete divorcement" concept is derived from *People* v. *Tatum* (1962) 209 Cal.App.2d 179 [25 Cal.Rptr. 832]. In *Tatum*, the court took the position section 496 was directed at "fences," those who dispose of property stolen by thieves. (209 Cal.App.2d at p. 183.) By cutting off thieves' ability to dispose of stolen property, theft would be discouraged. For this reason, harsher penalties were imposed for receiving stolen property than for theft of the property itself. (*Id.* at pp. 183-184.) These harsher penalties could lead to an anomalous result; a petty thief could be convicted of receiving stolen property and receive the harsher penalty for that offense rather than the lighter penalty intended for petty theft. (*Id.* at p. 184.)[2] However, the court observed, "[t]hese conflicts and untoward results are avoided, leaving the

---

[2]The *Tatum* court took the position that every theft necessarily "contemplates and involves a permanent withholding from the owner" of the property taken. Since a conviction of receiving stolen property may be based on withholding stolen property from its owner, every

underlying purposes unimpaired, by construing section 496 as a statute directed primarily at persons who do not physically participate in the actual theft of property." (*Ibid.*) Additionally, had the Legislature intended that section 496 apply to the thief of the stolen property, it could have so specified in the language of the section. (209 Cal.App.2d at p. 183.) The court therefore "conclude[d] that, in the absence of facts indicating a complete divorcement of the concealing activities from the course of conduct of the thief in the initial concealing of the property stolen by him, a thief may not be found guilty of concealment in violation of section 496[, subdivision (a)]." (*Id.* at p. 184.)

Cases decided since *Tatum* have not questioned *Tatum*'s interpretation of section 496 or the "complete divorcement" requirement. They seem to have assumed the "complete divorcement" requirement was proper, but that in the absence of proof the defendant was the actual thief, conviction of violating section 496 was permissible. Additionally, they took the position the People were not required to prove the defendant was not the actual thief in order to obtain a conviction under section 496. (E.g., *People* v. *Moses* (1990) 217 Cal.App.3d 1245 [266 Cal.Rptr. 538]; *People* v. *Taylor* (1969) 2 Cal.App.3d 979, 984 [83 Cal.Rptr. 119]; *People* v. *Williams* (1967) 253 Cal.App.2d 952, 958-959 [61 Cal.Rptr. 238]; *People* v. *Marquez* (1965) 237 Cal.App.2d 627, 634-637 [47 Cal.Rptr. 166], disapproved on other grounds in *People* v. *Ramirez* (1983) 34 Cal.3d 541, 550 [194 Cal.Rptr. 454, 668 P.2d 761].) As the Supreme Court stated in *People* v. *Price, supra,* 1 Cal.4th 324, although ". . . a defendant may not be convicted of stealing and receiving the same property," "[t]his does not mean . . . that when the prosecution has charged only receiving, it must establish by affirmative proof that someone other than the defendant stole the property. [Citations.] A conviction for receiving stolen property may be based on evidence 'that the property in question was stolen, that the defendant was in possession of it, and that the defendant knew the property to be stolen' [citation], even though the evidence also strongly suggests that it was the defendant who stole the property. [Citation.]" (1 Cal.4th at p. 464.)

It is not at all clear that *Tatum* was properly decided. ■ In the construction of statutes, the primary goal of the court is to ascertain and give effect to the intent of the Legislature. (Code Civ. Proc., § 1859; *Kimmel* v. *Goland* (1990) 51 Cal.3d 202, 208 [271 Cal.Rptr. 191, 793 P.2d 524].) The court must look first to the language of the statute; if clear and unambiguous, the court must give effect to its plain meaning. (*Id.* at pp. 208-209; see also *Rojo* v. *Kliger* (1990) 52 Cal.3d 65, 73 [276 Cal.Rptr. 130, 801 P.2d 373].)

---

theft would also constitute a receipt of stolen property. (*People* v. *Tatum, supra,* 209 Cal.App.2d at p. 183.)

The role of the court "is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted . . . ." (Code Civ. Proc., § 1858; *People* v. *White* (1954) 122 Cal.App.2d 551, 554 [265 P.2d 115].) ▮ There was nothing in the language of section 496 which limited its application to those who were not the actual thieves. Rather, it applied to "[e]very person."

In any event, the Legislature rewrote the statute in 1992 by adding the second paragraph to subdivision (a) of section 496. As noted in *People* v. *Strong* (1994) 30 Cal.App.4th 366, 373 [35 Cal.Rptr.2d 494], "[i]t is clear that the Legislature intended to change the law." The extent and nature of that change, however, is in dispute.

The intent of the Legislature in amending section 496 is clear. It stated: "It is the intent of the Legislature to provide for the prosecution of principals in the actual theft of the property who continue to possess that property after the statute of limitations has run on the theft of the property." (Stats. 1992, ch. 1146, § 2.) The Legislature also recognized that its amendment of section 496 "increas[ed] the scope of an existing crime." (Legis. Counsel's Dig., Assem. Bill No. 3326 (1991-1992 Reg. Sess.).)

*People* v. *Strong, supra,* 30 Cal.App.4th 366 interpreted the language of the second paragraph of section 496, subdivision (a), literally, to mean ". . . the fact that the defendant stole the property no longer bars a conviction for receiving, concealing or withholding the same property. The thief may be convicted either of the theft or (upon a suitable showing) of receiving, but not both." (30 Cal.App.4th at p. 373.)

*In re Kali D.* (1995) 37 Cal.App.4th 381 [43 Cal.Rptr.2d 581], on which defendants rely, recognized the plain meaning of the second paragraph of section 496, subdivision (a), was "that a thief may now be convicted in California of possessing the very property he stole," of either receiving stolen property or theft. (37 Cal.App.4th at p. 385.) However, the court was troubled by ". . . the novel situation where the plain meaning of the statute appears clear, but is contradicted by the intent clause, which was not enacted as part of the Penal Code." (*Ibid.*) In the court's view, the plain meaning of the second paragraph became "clouded when reference is made to the entire bill: that its purpose was to modify the common law of this state to allow a receiver of stolen property, who happens to also be the thief, to be convicted of receiving when the statute of limitations has run on the theft. This expression of legislative intent indicates a more limited repeal of the common law so that . . . the actual thief can be convicted of the greater offense of receiving stolen property only when the limitations period has expired with respect to the underlying theft." (*Id.* at pp. 385-386.)

The *Kali D.* court acknowledged the rules of statutory construction which require the court to look first at the language used and interpret the statute in accordance with the plain meaning of that language if the language is clear and unambiguous. (*In re Kali D.*, *supra*, 37 Cal.App.4th at p. 386.) It then added: "However, the ' "plain meaning" rule does not prohibit a court from determining whether the literal meaning of a statute comports with its purpose' and provisions relating to the same subject matter must be construed together and 'harmonized to the extent possible.' " (*Ibid.*)

The court then harmonized the second paragraph of section 496, subdivision (a), with the Legislature's stated intent. It concluded: ". . . it appears to us that the Legislature intended the statute to be applied only to thieves who continue to possess the stolen property after the statute of limitations has expired on the theft. Such a construction accords full force and effect to the statutory amendment, the enacted bill's statement of legislative intent, and harmonizes them with existing law." (*In re Kali D.*, *supra*, 37 Cal.App.4th at p. 386.)

Had the Legislature intended that its 1992 amendment of section 496, subdivision (a), apply *only* when the statute of limitations had expired on the original theft, it certainly could have inserted language to that effect into the second paragraph of that subdivision. Its failure to do so suggests it did not intend to so limit the amendment's application, even though its primary purpose in amending the statute was to address that situation. By inserting such a limitation when the Legislature failed to do so, the *Kali D.* court exceeded its role of simply ascertaining and declaring what is in terms or in substance contained in the statute, rather than inserting what has been omitted or omitting what has been inserted. (Code Civ. Proc., § 1858.)

Additionally, as noted in *People v. Reyes* (1997) 52 Cal.App.4th 975 [61 Cal.Rptr.2d 39], it is also a rule of statutory construction that significance should be given to every word of a statute, if possible, and an interpretation which renders part of the statute surplusage or nugatory should be avoided. (At p. 987.) If the second paragraph of section 496, subdivision (a), applies only when the statute of limitations has expired on the original theft, it would be impossible for one to be convicted of both theft and receipt of the same property; one could be convicted of theft only if the statute of limitations on the theft had not expired, and one could be convicted of receipt only if the statute of limitations had expired. The second sentence of the second paragraph provides: "However, no person may be convicted both pursuant to this section and of the theft of the same property." This language would be rendered surplusage and nugatory if *Kali D.*'s interpretation of the statute were to be accepted: in no event could a person be convicted both

pursuant to section 496 and of the theft of the same property. (*Reyes, supra,* at p. 987.) For this reason, the *Reyes* court disagreed with the *Kali D.* court's interpretation of the 1992 amendment. (*Ibid.*) It concluded that "[a] literal interpretation of [the] second paragraph of section 496, subdivision (a) harmonizes with legislative intent, and avoids rendering a critical portion of the provision nugatory." (*Ibid.*)

We also disagree with the *Kali D.* court's interpretation of the second paragraph of section 496, subdivision (a), for the reasons stated above. In our view, the rules of statutory construction require that we give the language of that paragraph its plain meaning. Accordingly, we hold that one who is a principal in the theft of property may be convicted either for the theft of the property or, under section 496, for receipt of the property.

This being the case, it follows that the *Tatum* requirement of a "complete divorcement" between the theft and the possession of stolen property before the thief may be convicted of receiving stolen property has been abrogated by the 1992 amendment of section 496. (*People v. Strong, supra,* 30 Cal.App.4th at p. 373.) The thief's concealment or withholding of the stolen property may form the basis for conviction of either offense, though not both. (*Id.* at pp. 370-371, 373.)

Turning back to the instant case, the trial court granted the motion for a new trial based on the insufficiency of the evidence to establish a "complete divorcement" between defendants' theft of the Mercedes Benz parts and their subsequent possession of those parts. As a matter of law, no such evidence was required to sustain defendants' convictions of receiving stolen property. Therefore, the trial court abused its discretion in granting the motion and its order must be reversed. (*People v. McDaniel, supra,* 16 Cal.3d at p. 177; *People v. Taylor, supra,* 33 Cal.App.4th at p. 265.)

The order is reversed.

Ortega, J., and Vogel (Miriam A.), J., concurred.