I concur in the judgment. I write separately to express my view that we are not required to determine whether sentencing error was harmless beyond a reasonable doubt.
 The trial court cited five factors in support of its imposition of the upper term. Three of the factors were not properly considered as there was neither a finding by the jury nor an admission by defendant. They are: (1) the manner in which the crime was carried out indicates premeditation; (2) the defendant has engaged in violent conduct that indicates a serious danger to society; and (3) the crime involved great bodily harm or other acts disclosing a high degree of viciousness, callousness, and force. However, the remaining two factors the trial court cited, defendant's prior convictions as an adult are numerous and of increasing seriousness and defendant has served a prior prison term, relate to his recidivism. Thus, the trial court could rely on either factor to impose a sentence above the statutory maximum without running afoul of the rule enunciated in Apprendi v. New Jersey
(2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348] (Apprendi) and recently affirmed in Cunningham v.California (2007) 549 U.S. ____ [166 L.Ed.2d 856, *Page 1047 127 S.Ct. 856] (Cunningham). Put simply, the court had the authority to sentence defendant to the upper term without violating his federal constitutional right to a jury trial.
 There are two components to a sentencing decision. The first is: What factors may the court consider? This question goes to the power of the sentencing court. The series of Supreme Court cases starting with Apprendi
and ending with Cunningham have focused on this component. The second is: What weight does the court give to the factors it may properly consider? The Supreme Court has never suggested that a sentencing court's exercise of its discretion raises a federal constitutional question. To the contrary, the court has implied it does not. In reviewing the federal sentencing guidelines, the court stated: "If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." (UnitedStates v. Booker (2005) 543 U.S. 220, 233
[1160 L.Ed.2d 621, 25 S.Ct. 738]; see also Apprendi, supra,530 U.S. at p. 481.)
 I conclude that there is no federal constitutional bar to a state utilizing its own standard of harmless error to review a sentencing court's exercise of discretion, as long as the sentence is within the statutory range. In deciding whether this matter should be remanded for resentencing, we should follow the California rule that states: "When a trial court has given both proper and improper reasons for a sentence choice, a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper." (People v. Price (1991)1 Cal.4th 324, 492 [3 Cal.Rptr.2d 106, 821 P.2d 610], superseded by statute on other grounds as stated in People v.Hinks (1997) 58 Cal.App.4th 1157, 1161-1165
[68 Cal.Rptr.2d 440].) On this record, it is unlikely the trial court would have sentenced defendant any differently had it known that it could rely only on factors relating to his recidivism. As a result, I agree that remand is unnecessary.