Filed 11/3/15; pub. order 11/24/15 (see end of opn.)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Appellant,

v.

JUSTIN AUSTIN PEACOCK,

    Defendant and Respondent.

E063095

(Super.Ct.No. FVI1200374)

OPINION

APPEAL from the Superior Court of San Bernardino County. Miriam Ivy Morton, Judge. Reversed.

Michael A. Ramos, District Attorney, and Grace B. Parsons, Deputy District Attorney, for Plaintiff and Appellant.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Respondent.

INTRODUCTION

The People appeal from an order granting the petition of defendant Justin Austin Peacock to reduce his felony conviction of a violation of Penal Code[1] section 496d to a misdemeanor. The People contend that the trial court's order was in error because it was unauthorized under Penal Code section 1170.18, and any new sentence was unauthorized.

FACTS AND PROCEDURAL BACKGROUND

In February 2012, defendant was charged in a felony complaint with receiving a stolen motor vehicle, a 1988 Honda ATV (§ 496d, subd. (a)), and charged with allegations that he had suffered a previous conviction of the same offense in April 2010 (§ 666.5) and had served three prior prison terms (§ 667.5, subd. (b)). In April 2012, defendant entered into a plea agreement under which he pled no contest to section 496d, subdivision (a). The agreement provided that the prior allegations would be dismissed, and the district attorney would recommend a 16-month sentence to be served at "half time." Defendant was sentenced consistently with the plea agreement.

On February 3, 2015, defendant's attorney filed a petition requesting that his offense be designated a misdemeanor and represented that defendant had already completed serving his sentence. The trial court granted the petition over the People's objection that a violation of section 496d, subdivision (a), is not an offense eligible for reclassification as a misdemeanor.

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

DISCUSSION

**Request for Judicial Notice**

On June 29, 2015, the People filed a request for this court to take judicial notice of the Voter Information Guide, General Election (Nov. 4, 2014) arguments in favor and against Proposition 47, pages 38-39, and the text of the proposed laws, pages 70-74. We reserved ruling on the request for consideration with the merits of the appeal. The request is granted. (Evid. Code, §§ 452, 459.)

**Section 1170.18**

On November 4, 2014, voters enacted Proposition 47, the Safe Neighborhoods and Schools Act. Proposition 47 reclassified certain felony and wobbler drug- and theft-related offenses as misdemeanors. It further enacted a new statute under which a person serving a felony sentence for a reclassified offense could petition for a recall of that sentence (§ 1170.18, subd. (a)), and a person who had completed the sentence for such an offense may apply for redesignation of the offense (*id.*, subd. (b)). (See generally *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.)

Section 1170.18, provides:

"(a) A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350,

3

11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.

[¶] . . . [¶]

"(f)  A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors.

"(g)  If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor."

**Scope of Proposition 47 for Theft-related Offenses**

Defendant argues that Proposition 47 authorized relief for qualified defendants convicted of theft-related offenses when the value of the property taken did not exceed $950.  Defendant's crime was a violation of section 496d.  Proposition 47 did not amend section 496d, and it is not listed in section 1170.18.  However, section 1170.18 does separately list section 496, receiving or concealing stolen property, as a crime that is designated as a misdemeanor.  Section 1170.18 also specifically lists section 490.2, defining "petty theft."  Section 490.2, subdivision (a), provides:  "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ."

4

Defendant asserts that the broad language of section 490.2 should apply to the receipt of a stolen vehicle. He argues that receipt of a stolen vehicle valued at less than $950 is a theft-related offense that should be subsumed in the broad definition of section 490.2. However, as noted *ante*, section 1170.18 subdivision (a), separately listed section 496 as an offense eligible for reclassification rather than including it under the new umbrella definition of theft in section 490.2. We consider that strong evidence that the voters did not consider receiving stolen property as a form of theft, and we therefore reject defendant's argument that section 490.2 should apply to section 496d.

**Equal Protection**

Defendant further argues that equal protection principles require application of the same treatment to section 496d, buying or receiving a stolen vehicle or equipment, as applies to receiving stolen property under section 496 and grand theft auto under section 487, subdivision (d)(1).

The Fourteenth Amendment to the United States Constitution and article I, section 7, subdivision (a) of the California Constitution both guarantee equal protection of the laws. Our Supreme Court has recently articulated the principles that guide our analysis: "Where, as here, a disputed statutory disparity implicates no suspect class or fundamental right, 'equal protection of the law is denied only where there is no "rational relationship between the disparity of treatment and some legitimate governmental purpose."' [Citations.] 'This standard of rationality does not depend upon whether lawmakers ever actually articulated the purpose they sought to achieve. Nor must the underlying rationale be empirically substantiated. [Citation.] While the realities of the

5

subject matter cannot be completely ignored [citation], a court may engage in "'rational speculation'" as to the justifications for the legislative choice [citation]. It is immaterial for rational basis review "whether or not" any such speculation has "a foundation in the record.'" [Citation.] To mount a successful rational basis challenge, a party must "'negative every conceivable basis '" that might support the disputed statutory disparity. [Citations.] If a plausible basis exists for the disparity, courts may not second-guess its "'wisdom, fairness, or logic.'" [Citations.]" (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881.)

Here, the People have posited several reasons that could conceivably support treating the offense of receiving stolen vehicles differently from theft offenses and from the offense of receiving other stolen property. For example, unlike other forms of stolen property, stolen vehicles are often dismantled and sold for parts in "chop shops" which can raise their worth above retail value. (See *People v. Tatum* (1962) 209 Cal.App.2d 179, 184 ["the 'fence' is more dangerous and detrimental to society than is the thief"], abrogated by statute on another ground as stated in *People v. Hinks* (1997) 58 Cal.App.4th 1157, 1165.) As another example, owners of vehicles are typically dependent on those vehicles for necessities, which is not so frequently the case with theft of other forms of property.

"'[W]hen conducting rational basis review, [the courts] must accept any gross generalizations and rough accommodations that the Legislature seems to have made.' [Citation.] 'A classification is not arbitrary or irrational simply because there is an

6

"imperfect fit between means and ends"' [citations], or 'because it may be "to some extent both underinclusive and overinclusive"' [citations]." (*Johnson*, *supra*, 60 Cal.4th at p. 887.) Because there are plausible reasons for distinguishing between section 496d, subdivision (a) offenses on the one hand and section 487, subdivision (d)(1) and section 496, subdivision (a) offenses on the other hand, defendant has failed to establish any violation of equal protection in failing to extend reclassification to section 496d, subdivision (a) offenses. We conclude the trial court erred in redesignating defendant's offense as a misdemeanor, and we reverse the order. The People's other contentions are therefore moot.

## DISPOSITION

The order appealed from is reversed.

McKINSTER
        J.

We concur:


HOLLENHORST
    Acting P. J.


CODRINGTON
    J.


7

Filed 11/24/15

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

**<u>ORDER</u>**

| | |
|---|---|
| THE PEOPLE, | |
|      Plaintiff and Appellant, | E063095 |
| v. | (Super.Ct.No. FVI1200374) |
| JUSTIN AUSTIN PEACOCK, | |
|      Defendant and Respondent. | |

The request, filed November 4, 2015, for publication of a nonpublished opinion filed in the above matter on November 3, 2015, is GRANTED. The opinion meets the standards for publication as specified in California Rules of Court, rule 8.1105(c)(2), (4), (6) and (7).

IT IS SO ORDERED that said opinion be certified for publication pursuant to California Rules of Court, rule 8.1105(b).

<u>McKINSTER</u>
                        J.

We concur:

<u>HOLLENHORST</u>
     Acting P. J.

<u>CODRINGTON</u>
     J.