Filed 1/31/24  P. v. Vue CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BEE VUE,<br><br>Appellant and Defendant. | F084811<br><br>(Super. Ct. No. F13909890)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  David Andrew Gottlieb, Judge.

Patrick J. Hoynoski, under appointment by the Court of Appeal, for Appellant and Defendant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Poochigian, Acting P. J., Snauffer, J. and DeSantos, J.

## INTRODUCTION

Appellant Bee Vue contends on appeal that he received ineffective assistance of counsel because his attorney failed to ask the court to dismiss appellant's firearm enhancement in light of Senate Bill No. 81 (2021−2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) (Senate Bill 81). We reject appellant's claim and affirm the judgment.

## PROCEDURAL SUMMARY

On October 18, 2013, appellant was charged in a complaint with murder (Pen. Code, § 187, subd. (a),[1] count 1), alleging that appellant personally and intentionally discharged a firearm (§ 12022.53, subd. (c)) which caused death to the victim (Edgar Garcia) (§ 12022.53, subd. (d)), and possession of a firearm by a prohibited person (§ 29820, subd. (b), count 2). It was further alleged that appellant had a prior strike conviction as a juvenile (§ 245, subd. (b), §§ 667, subds. (b)−(i), 1170.12, subds. (a)−(d)).

On May 12, 2022, appellant entered into a plea agreement where he pled guilty to second degree murder (§ 187, count 1) and admitted that he personally used a firearm that resulted in great bodily injury or death (§ 12022.53, subd. (d)) and that he had a prior strike conviction. As part of the plea agreement, the trial court indicated it would strike the prior strike conviction and that he would be sentenced to 15 years to life for second degree murder and 25 years to life for the firearm enhancement, for an aggregate sentence of 40 years to life in state prison. Appellant indicated that he understood the implications of his plea agreement, including the indicated sentence, had time to speak with his attorney, and accepted this plea agreement.

## FACTUAL SUMMARY

Appellant shot Garcia as a result of an altercation because appellant felt he and his friends were being disrespected. Appellant's sister said appellant confessed to her that he

---

[1]     Hereinafter, undesignated statutory references are to the Penal Code.

shot someone and admitted she rode with appellant to Oklahoma to avoid capture. Later, appellant confessed to police that he was the person who shot Garcia. Appellant explained that Garcia had " 'mad mugged' " him and he felt disrespected. Appellant confronted Garcia. As Garcia was opening a gate to enter a yard, appellant shot Garcia three times and left. Appellant admitted he fled to Oklahoma to avoid arrest. While in Oklahoma, appellant was convicted and sentenced to prison for first degree manslaughter.

## DISCUSSION

### I. Ineffective Assistance of Counsel Claim

Appellant claims that he received ineffective assistance of counsel because his trial counsel failed to argue that his section 12022.53, subdivision (d) firearm enhancement should be dismissed pursuant to Senate Bill 81. The People disagree contending appellant fails to demonstrate his counsel did not have good tactical reasons for his decision not to raise this argument. We agree with the People and reject appellant's ineffective assistance of counsel claim.

#### A. Relevant Factual and Procedural Background

Appellant was sentenced on June 13, 2022. At sentencing, appellant addressed the court apologizing to Garcia's family, expressing remorse and regret and accepting justice for what he did. The defense attorney had no further comments.

The court observed in appellant "a recognition of the wrongs that you have created in this—in this life and some desire to make changes and that's always, I think, important." As for sentencing, the court stated it "recognizes that I have discretion to strike your prior strike in 2008, and the [c]ourt is going to do so with some reluctance. The prior offense was very serious. I think people were lucky that nobody was killed as a result of that prior incident in 2008. You engaged in reckless and—reckless and violent behavior. It was probably motivated by gang undertones and you served a lengthy

3.

commitment, not only to the DJJ, but also served some time at the California Department of Corrections as a result of that."

The trial court considered appellant's youthfulness at the time that the offense occurred, and gave considerable weight to his remorsefulness and acceptance of responsibility. The court expressed that "outside of striking [appellant's] prior strike, every other factor engaged in this case is aggravating. The [c]ourt is going to sentence you for a violation of … [s]ection 187[, subdivision] (a)(2) to the term of 15 years to life, it being a—without malice aforethought. It will be a 15 year—15-year-to-life commitment for violating … [section] 187."

"As to the enhancement under [section] 12022.53[, subdivision] (d), the [c]ourt certainly recognizes under the newest case law—I should probably cite it for the record, if I can find it. I think it's *Tirado*, *Tirado*. I think it's T-I-R-A-D-O. If that ends up not being the case at all, then I'll put it on the minute order later, but I believe it's *Tirado*. So under the *Tirado* case, the [c]ourt recognizes that I do have discretion under—yes, it is *Tirado*. I've got it right. And that's *People versus Jose Tirado*. It's a January of 2022 case. The [c]ourt does have the power to strike enhancements and also the power to substitute lesser enhancements when it deems it appropriate to do so. [(Italics added.)]

"The [c]ourt also recognizes the more recent case of *People versus Christopher Martinez,* that's at 78 Cal.App.5th 317, and that's a May 5th case. And in that case, the [c]ourt sets forth the various different considerations that the [c]ourt should engage in analyzing when determining whether or not to reduce a [section] 12022.53 [, subdivision] (d). The [c]ourt recognizes the ability to do so and recognizes the conditions under which it should do so and does not find that those conditions are applicable in this case, particularly in light of the fact that the [c]ourt has stricken [appellant]'s prior strike conviction. So the enhancement in this case under [section] 12022.53[, subdivision] (d) will be 25-years-to-life making the total indeterminate term of 40-years-to-life." (Italics added.)

4.

### B. Applicable Law and Standard of Review

To prevail on a claim for ineffective assistance of counsel, an appellant must show his counsel's representation "fell below an objective standard of reasonableness." (*Strickland v. Washington* (1984) 466 U.S. 668, 688 (*Strickland*).) The appellant must show his counsel's performance was deficient under an objective standard of professional competency and that there is a reasonable probability that but for counsel's error, a more favorable determination would have resulted. (*People v. Holt* (1997) 15 Cal.4th 619, 703; *Strickland*, at p. 687; *People v. Ledesma* (1987) 43 Cal.3d 171, 217−218 [it is insufficient that counsel's errors had "some conceivable effect" on the outcome].)

An appellant must specifically identify the acts or omissions of counsel that did not result from reasonable professional assistance and did not constitute sound trial strategy. (*Strickland*, *supra*, 466 U.S. at p. 689.) A reviewing court gives deference to counsel's performance and presumes that counsel's conduct falls within the range of reasonable professional assistance. (*Ibid.*; *Ledesma*, *supra*, 43 Cal.3d at pp. 215−216.) The Supreme Court provides for deferential treatment because "[i]t is all too tempting for an appellant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." (*Strickland*, at p. 689.)

Effective January 1, 2022, Senate Bill 81 amended section 1385 to provide the trial court with discretion to dismiss enhancements in furtherance of justice. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 290.) Section 1385, subdivision (c)(1) provides that "[n]otwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385, subd. (c)(1); Stats. 2021, ch. 721, § 1.) Section 1385, subdivision (c)(2) provides as follows: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the

appellant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).) One of the mitigating circumstances listed under section 1385, subdivision (c)(2)(C) is: "The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed." (§ 1385, subd. (c)(2)(C).)

### C. Analysis

Appellant argues that his trial counsel's performance was deficient because he failed to ask the court to dismiss the firearm enhancement under Senate Bill 81. Specifically, appellant contends that because the application of the firearm enhancement resulted in a sentence of over 20 years, "the court was required to dismiss the enhancement unless it found that doing so would endanger public safety." As such, appellant argues that a reasonably competent attorney would have raised the issue because it was "[a]t least arguably meritorious." Appellant claims that the cases cited by the trial court predate Senate Bill 81 and demonstrate it was unaware of its new limited discretion under Senate Bill 81. He argues there is no satisfactory explanation for counsel's failure to ask the trial court to dismiss the enhancement under the newly amended section 1385. Further, appellant argues there is a reasonable probability that had counsel raised the issue at sentencing, the trial court would have not imposed the enhancement.

First, appellant fails to demonstrate his counsel's representation "fell below an objective standard of reasonableness." (See *Strickland*, *supra*, 466 U.S. at p. 688.) On appeal, we defer "to counsel's reasonable tactical decisions" and presume "counsel acted within the wide range of reasonable professional assistance." (*People v. Mai* (2013) 57

Cal.4th 986, 1009.) "Rarely is ineffective assistance of counsel established on appeal since the record usually sheds no light on counsel's reasons for action or inaction." (*People v. Woodruff* (2018) 5 Cal.5th 697, 736.) On this record, we cannot conclude there is no reasonable explanation for trial counsel's failure to request dismissal of the firearm enhancement under Senate Bill 81.

It is reasonable that counsel believed it would be futile to ask the court to strike the firearm enhancement under Senate Bill 81. (See *People v. Prince* (1991) 1 Cal.4th 324, 387, superseded by statute on other grounds as stated in *People v. Hinks* (1997) 58 Cal.App.4th 1157, 1161−1165 ["Counsel does not render ineffective assistance by failing to make motions or objections that counsel reasonably determines would be futile."]; *People v. Anderson* (2001) 25 Cal.4th 543, 587 ["Counsel is not required to proffer futile objections."].) Appellant was already facing a sentence of over 20 years due to the murder conviction's sentence of 15 years to life. Therefore, it is unclear whether section 1385, subdivision (c) is triggered since it is not due to the firearm enhancement alone that makes the sentence potentially over 20 years. Additionally, it is reasonable trial counsel believed the court would find that "dismissal of the enhancement would endanger public safety." (See § 1358, subd. (c)(2)(C).) Appellant is an admitted gang member, had a prior juvenile strike conviction and was on probation for possession of a firearm when he committed the murder with little provocation. Appellant fled the state and picked up a manslaughter charge. Probation concluded appellant "is a violently reckless, self-admitted gang member, whose actions have clearly demonstrated he is far too dangerous to reside amongst society." As such, the record supports a conclusion that dismissal of the firearm enhancement would endanger public safety. And it is reasonable that trial counsel determined a request to dismiss the firearm enhancement would be futile.

Additionally, appellant was benefiting from a plea bargain and it is reasonable that trial counsel did not want to disrupt the agreement. Appellant accepted a plea agreement where he agreed to plead guilty to murder and admit the firearm enhancement in

exchange for the trial court's indicated sentence which would strike the prior strike conviction and reduce his sentence from 55 years to life down to 40 years to life. The record is silent as to what counsel had discussed with appellant or the court before entering into the plea agreement and whether or not the implications of Senate Bill 81 had already been addressed. However, if appellant sought to withdraw the plea agreement he would be facing 55 years to life. Considering the evidence against appellant, which includes appellant's confession to police that he shot Garcia, it is not unreasonable that trial counsel chose to not ask for dismissal of the firearm enhancement under Senate Bill 81 and instead submitted on the plea agreement and the court's indicated sentence.

Where "the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged, an appellate claim of ineffective assistance of counsel must be rejected unless counsel was asked for an explanation and failed to provide one, or there simply could be no satisfactory explanation." (*People v. Gray* (2005) 37 Cal.4th 168, 207.) As such, we cannot say that " ' "there simply could be no satisfactory explanation" ' " for trial counsel's decision not to raise the Senate Bill 81 issue. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.) Appellant fails to show his trial counsel's representation "fell below an objective standard of reasonableness." (See *Strickland*, *supra*, 466 U.S. at p. 688.)

Second, appellant has not shown prejudice. "Absent evidence to the contrary, we presume that the trial court knew the law, and followed it." (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042.) Here, the amendment to section 1385 took effect over six months before the trial court sentenced appellant. The record does not mention Senate Bill 81 but demonstrates the court was aware of the new changes to its discretion to dismiss the firearm enhancement. As appellant notes, the cases cited by the court do not pertain specifically to Senate Bill 81, but it does not necessarily mean the court was unaware of the new law. The record shows the court recognized that under the newest case law it

had discretion to strike the firearm enhancement but stated it was not inclined to do so considering the court had already stricken appellant's prior strike conviction. Since there is no evidence the court was unaware of its discretion under Senate Bill 81, we must presume the court made its decision to impose the firearm enhancement with full knowledge of the newly amended section 1385, subdivision (c). (See *Ramirez*, at p. 1042.)

Moreover, for the reasons discussed above, the trial court could have reasonably concluded that dismissal of the firearm enhancement would endanger public safety. (§ 1385, subd. (c)(2)(C); *People v. Mendoza*, *supra*, 88 Cal.App.5th at p. 296.) Consequently, we cannot conclude that had appellant's counsel raised a challenge to the firearm enhancement under Senate Bill 81 a more favorable determination would have resulted. (See *People v. Holt*, *supra*, 15 Cal.4th at p. 703.) Accordingly, appellant's ineffective assistance of counsel claim is denied.

## DISPOSITION

We affirm the judgment.